### GRAFTON, MAY TERM, 1825.

### PLUMER DODGE, *Administrator of* ISAAC DODGE,
*vs.*
### ROBERT MORSE.

When issue is joined upon the matter of a plea in abatement, and found against the defendant, the jury must assess the damages in the same manner, as when an issue is taken upon the matter of a plea in bar.

The book of accounts of an intestate, supported by the supplementary oath of his administrator, are in this state competent evidence.

ASSUMPSIT upon an account, annexed to the writ, of goods sold and delivered by the plaintiff's intestate to the defendant.

The defendant pleaded in abatement of the plaintiff's writ, that the promise in the declaration mentioned, if any such were made, was made by him jointly with several other persons, and not by him alone.

To this plea the plaintiff replied, that the promise was made by the said *Morse* alone, as alleged in the declaration ; and upon this issue was joined.

The cause was tried here, at November term, 1824. The plaintiff, among other evidence, produced a book of ac-

counts, and, being sworn to make true answers, stated, that the book came to him as administrator, and that the charges in it against the defendant, which were the same as the charges mentioned in the declaration, were in the hand writing of *Isaac Dodge*, his intestate. Whereupon, the book was permitted to go to the jury, as evidence in the cause.

The court instructed the jury, that in case they found the issue, submitted to them, in favor of the plaintiff, they might consider the plea as an admission, that the articles were delivered, and that they must inquire of the value of the goods charged, and give that value in damages to the plaintiff.

The jury having returned a verdict in favor of the plaintiff, the defendant's counsel moved the court to grant a new trial, on the ground, that improper evidence had been submitted to the jury, and that the jury had been misdirected.

*Noyes*, for the plaintiff.

*Quincy*, for the defendant.

*By the court.* On behalf of the defendant in this case it is urged, that the jury were misdirected, because they were instructed, that in case they found the issue in favor of the plaintiff, it would be their duty to give him in damages the value of the goods charged, without any further inquiry into the merits of the case. But this objection is altogether without any foundation. For it is well settled, that if issue be taken upon a plea in abatement, and the jury find for the plaintiff, they must assess the damages in the same manner, as when an issue is found for the plaintiff upon a plea in bar. 2 *Wils.* 367, *Eichorn vs. Le Maitre.*—3 *Saund.* 210, *g. note* 3. —*Yelv.* 112, *Tompson vs. Colier.*—*T. Ray.* 118.—1 *Lev.* 163.

It is a rule of law, that whatever is traversable and not traversed is admitted. 19 *John.* 95, *Briggs vs. Dorr.*— 2 *N. H. Rep.* 378. And no doubt is entertained, that this rule applies in cases, where a defendant pleads in abatement matter, which is found by a jury to be false.

It is further objected, that the book of the deceased, supported only by the supplementary oath of his administrator, was improperly permitted to go to the jury. It has lately

been decided in this court, that the book of a party, supported by his oath, that it is his book of original entries, and that the charges are in his own hand writing, may go to a jury as evidence. *Eastman vs. Moulton, 3 N. H. Rep.*

And it is believed, it will be difficult to shew a good reason, why the book of the intestate, supported by the supplementary oath of his administrator, should not be considered as good evidence, as if supported by the oath of *Isaac Dodge* himself. And we are of opinion, that this objection must be overruled.

*Judgment on the verdict.*