## FOSTER *vs.* SMITH and others.

In an action for *false imprisonment* on the assessment of damages by *writ of inquiry* after a default, *evidence* denying the cause of action, or tending to shew that no right of action exists, is inadmissible in *mitigation* of damages.

Damages in such case must be assessed on the assumption that the trespass complained of has been committed.

In proceedings against a disturber of religious meetings, it is not necessary that process should actually issue; it is competent to a defendant voluntarily to appear and answer to the complaint.

MOTION to set aside an inquisition taken on a *writ of inquiry* of damages, *after a default*, in an action of trespass *quare domum fregit*, and for *false imprisonment*. The plaintiff proved the breaking into his house in the night time, his arrest, and that he was carried to a camp-meeting, where he was tried for keeping an unlicenced huckster's shop within the prohibited limits of a camp-meeting, and fined $15, which he was compelled to pay, to obtain his discharge. The defendants offered to prove that the plaintiff had been guilty of the offence charged against him, and to show the regularity of the proceedings had in the matter, which evidence was objected to by the plaintiff, but the objection was overruled by the sheriff, and the evidence offered received. The jury assessed the damages of the plaintiff at *six cents*. The plaintiff moves to set aside the inquisition.

*D. Graham*, for plaintiff.

*H. Maxwell*, for defendants.

NEW-YORK,
May, 1833.

Foster
v.
Smith.

*By the Court,* NELSON, J.   We are of opinion the testimo-ny was inadmissible.   The default admitted all the material averments properly set forth in the declaration, and of course the false imprisonment, and every thing essential to establish the right of the plaintiff to recover.   The only debateable question left for the examination or consideration of the jury was the amount of damages, and that ought to have been ex-amined and decided on the assumption that the *false imprison-ment* had been committed by the defendants.   Any evidence tending to prove that no right of action existed, or denying the cause of action, was irrelevant and inadmissible.

When an action is brought upon a contract set out in the declaration, and there is a default, on the assessment of dam-ages, no evidence which goes to deny the existence of the con-tract, or tends to avoid it, is competent, the default admits it as set forth, and concludes the defendants from questioning it.   1 *Str.* 612.   1 *Bos. & Pul.* 308.

The evidence in this case would have been inadmissible under the general issue in *justification,* without notice or spe-cial plea, were it not for the provisions of the statute for the more easy pleading of public officers and those acting in aid of them ; and the reasons given are to prevent surprize upon the plaintiff on the trial, and to enable him to meet the defendants upon equal terms, with respect to the evidence.   1 *Chitty,* 493. These reasons are equally strong against allowing the evi-dence without notice in *mitigation* of damages, besides the inconsistency of hearing evidence in contradiction to the legal effect of the record which is not pertinent to any issue present-ed by it.   If this practice was tolerated, it would enable de-fendants to have substantially the benefit of a justification in every case in which evidence could be procured to establish it, without notice to the plaintiffs of such defence ; for if admis-sible, and the justification should be proved, the least effect that could reasonably be given to it would be to reduce the inquest to nominal damages.   This would be the standard of damages in all cases upon such proof.   As we are of opinion the evidence in justification was wholly inadmissible, in this case it is unimportant to inquire as to the competency of that which was offered and allowed.

The counsel for the plaintiff is undoubtedly in an error, in supposing that under the revised statutes, 1 *R. S.* 676, § 73, 74, proceedings against persons for disturbing religious meetings can only be commenced by process actually issued. The main purpose of the 74th section is to limit the time within which proceedings must be commenced; but parties may voluntarily within that time, as in any other case, appear and join issue, or confess the complaint.

Inquest set aside; costs to abide the event.