### AARON JEWETT, Junior *versus* NATHAN DAVIS.

When issue is joined upon the matter of a pled in abatement and found against the defendant, the judgment for the plaintiff is final.

When, in assumpsit, the defendant pleads in abatement, that there is another joint promiser not named in the writ—and the plaintiff replies that the promise was made by the defendant alone, not jointly with another, the burthen of proof is upon the defendant.

In an action against one joint promisor, another joint promisor is not a competent witness for the defendant without a release.

A verdict, which does not clearly find the matter in issue, cannot be helped by intendment.

THIS was a writ of error, on a judgment of the court of Common Pleas. The action was assumpsit upon an account annexed to the writ, brought by Davis against Jewett.

The defendant prayed judgment of the writ, because, at the time of the making of the said supposed promise, the said Aaron Jewett, junior, was joint partner with one Aaron Jewett, who is still living, and the said promise, if any, was made by the said Aaron Jewett, jointly with the defendant, and not by the defendant alone.

To this the plaintiff replied, that the said promise was made by the said Aaron Jewett, junior, alone, in manner and form as the plaintiff has thereof declared against him, and not by the said Aaron Jewett, jointly with the defendant, and concluded to the country. The issue thus tendered was joined.

The cause was tried in the Common Pleas, at February term, 1831, when the court ruled that the burthen of proof was upon the defendant, who called, as a witness, the person by whom he had alleged the promise to have been made jointly with himself, to prove that allegation. The plaintiff objected to the admission of the witness, and he was rejected, on the ground, that he was interested in the event of the suit. The jury returned a verdict in favor of the plaintiff, that the said Aaron, and Aaron, jr. were not partners, and assessed the damages, sustained by the plaintiff by reason of the breach of the promise, and judgment was rendered for the plaintiff to recover his damages and costs. All this appeared by the record, a bill of exceptions having been filed and allowed.

*Quincy* and *Bell*, for the plaintiff in error.

*J. Smith*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is objected, that there is error in the judgment of the court below, because judgment was rendered for the

*Jewett*
v.
*Davis*.

plaintiff to recover his damages, instead of a judgment of *respondent ouster.* But in this respect the judgment was correct. It was so settled in the case of *Dodge* v. *Morse,* 3 N. H. Rep. 232.

It is also contended, that the court below improperly ruled that the burthen of proof was, as the pleadings stood, upon the defendant. Whether this objection, if well founded, would constitute a legal ground for reversing the judgment we shall not stop to enquire, because we are of opinion, with the Common Pleas, that the burthen of proof was upon the defendant. There seems to have been some diversity of opinion among judges, upon this point, but we think, on the whole, the better opinion is, that, in such a case, the burthen of proof is upon the defendant. 2 Starkie's N. P. C. 555, *Roby* v. *Howard* ; 1 ditto, 296, *Pasmore* v. *Bousfield* ; 1 Esp. N. P. C. 103, *Young* v. *Bairner* ; 2 Starkie's Ev. 2 ; 3, Starkie's N. P. C. 8, *Stansfield* v. *Levy.*

It is further contended, that the testimony of the alleged joint promisor was improperly rejected. But we think otherwise. He was properly excluded, on the ground of interest, as liable to contribute to the payment of the costs of the suit, in case the plaintiff succeeded, if on no other ground. Peake's N. P. C. 174, *Goodacre* v. *Breame* ; 2 Starkie's Ev. 5 ; 1 Espin. N. P. C. 103, *Young* v. *Bairner* ; 6, Bingham, 181, *Hall* v. *Cecil.*

In all cases where a joint promisor has been admitted as a witness for the defendant, he has had a release. 3 N. H. Rep. 115 ; 5 ditto, 199 ; 1 Pickering, 121, *Gibbs* v. *Bryant.*

Another ground for reversing the judgment, taken by the plaintiff in error, is, that the verdict is imperfect ; and we are of opinion that the verdict is insufficient to sustain the judgment.

The question involved in the issue, was, whether the Jewetts promised jointly ; and the verdict contains no answer to this question, either directly or indirectly. For,

although they may have not been partners, still they may have promised jointly.

If the issue joined had involved the question merely, whether the two Jewetts promised as partners, the verdict might perhaps have been deemed sufficient. But that question is not involved in the issue. No court would be warranted in construing the allegation, that they were partners and promised jointly, as an allegation that they promised as partners.

The rule is, that if the point on which the verdict is given, be so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not, it cannot be helped by intendment. 1 Mason, 170 ; Com. Dig. "Pleader," S. 22 ; 11 Pick. 45 ; 3 ditto, 124.

*Judgment reversed.*