## TOPPAN'S PETITION.

The default of a party, after notice, admits every material and traversable allegation contained in a declaration or petition.

Accordingly, where, in a petition for a new highway, to be laid out in a town, addressed to the court of common pleas, it was alleged that the petitioners had previously petitioned the selectmen of such town to lay out the same

---
Toppan's Petition.

---

highway, and that they had refused, and the town, upon notice, did not appear, but made default, it was decided that those allegations were conclusively admitted as against such town.

The owners of land over which the highway may be laid out are not entitled to notice of the pendency of the petition filed in court for that purpose, nor to controvert the facts alleged in the petition, and admitted by the default of the town.

Whether it is necessary that the petition addressed to the court should be signed by the same persons who signed the prior petition to the selectmen to lay out the highway, *quære?*

Where a petition was presented to the selectmen of a town to lay out a new highway in the town, in December, 1848, and the grant of the prayer of the petition was refused by the selectmen on December 24, 1849, and a record of the refusal was made on that day, by the selectmen of that year, and the petitioners omitted to file a petition in court until the 9th day of December, 1850, it was *held* that the court had jurisdiction of the petition, and of the subject matter of it.

A notice, addressed to an owner of lands over which a highway is laid out, signed by the road commissioners, and giving the name of the first petitioner, and stating that the petition had been referred to them, and the name of the town in which the road was proposed to be laid out, and also the time and place appointed for the purpose of hearing and determining upon said petition, and upon the claims of land owners, and others interested therein, is a sufficient notice to such land owner, under sec. 2, chap. 51, Rev. Statutes.

PETITION for a new highway in the town of Dover.

The petition was duly filed in the clerk's office, and due notice thereof was given to the town of Dover, agreeably to the requirements of the law, and at the January term of the court of common pleas, 1851, the town of Dover did not appear but made default, of which a due record was made.

By an order of the court, at the said January term, the petition was duly committed to the road commissioners for the county, who at the August term of said court, 1851, made a report of their doings, laying out the highway prayed for.

At the term of the court holden in August, 1851, Asa Freeman and Newton E. Marble, owners of land over which the way was laid out, moved the court to set aside the report and to dismiss the petition, for the following reasons assigned by them :

1. Because the court of common pleas has no jurisdiction of

the petition and the subject matter thereof, inasmuch as the only petition presented to the selectmen of Dover was the petition of George Gray and others, and that it was presented in 1848, and was acted upon in that year, by the selectmen of that year refusing to lay out the road.

Stephen Toppan and George Gray were two of the petitioners in the last named petition.

2. Because said Newton E. Marble did not attend the hearing before the commissioners, at the time and place of their meeting to lay out the road, and had no sufficient notice thereof, such as is by law required.

The petition presented to the court of common pleas contained among others, the following allegations, namely:

" The undersigned further represent that they have petitioned, in writing the selectmen of Dover, to lay out said new highway, as above described, (in this petition,) and that the said select-have refused to lay out the same."

The notice to Newton E. Marble, to the sufficiency of which objection is made, was addressed to said Marble, and. signed by the road commissioners, and was in the words following, namely :

" You are hereby notified that the undersigned, road commissioners for said county, to whom has been referred the petition of Stephen Toppan and others for a new highway in Dover in said county, will attend at the Town Hall in said Dover, on the first day of May next, at ten o'clock in the forenoon, for the purpose of hearing and determining upon said petition, and upon the claims of land owners and others interested therein.

Dated this twelfth day of April, A. D. 1851."

The original petition to the selectmen of Dover was dated on the fifteenth day of December, 1848, and the refusal was recorded thereon under date of December 24th, 1849. The petition addressed to the court was dated December 9th, 1850, and the notice to the town of Dover was made returnable at the January term of said court, 1851. The court below overruled the aforesaid motion of Freeman and Marble, and ordered the ques-

tions arising upon the foregoing case to be assigned to this court for decision.

*John H. Wiggins,* for the petitioners.

1. The *land owners* were not parties in court to this petition. They had no right to make an objection on account of want of jurisdiction in the court, because the only parties to the action were the *Petitioners* and the *Town of Dover.* The town was the only party defendant; the town was the only party upon whom the law required service of the petition to be made. Rev. Stat., chap. 50, § 2.

The land owners had no notice of the petition or its pendency in court till after it was committed to the road commissioners. The law did not require the petitioners to give them notice; the law did not contemplate making them parties to the petition. And this view of it is supported by the fact that by the practice of the court the petition for a new highway must only give the *temini* of the road prayed for, without fixing any intermediate bounds; it would be impracticable, therefore, in ordinary cases, to fix upon the owners of land to whom notice should be given. After the petition was referred to the road commissioners, we admit that the land owners became interested in the proceedings, and they were required to be notified, and had a right to be heard. And if they are dissatisfied with the amount of damages awarded them, the statute prescribes what remedy they may pursue. Rev. Stat., chap. 51, § 8. And so if a land owner has not had notice. Rev. Stat., chap. 50, § 10.

2. The town of Dover, then, has been defaulted. That default binds the town as to every material allegation in the petition. The facts necessary to give the court of common pleas jurisdiction of the petition are properly alleged and set forth in the petition; proper service has been made upon the town, the only party required by law to be notified; the town neglected to appear and was defaulted, of which the proper record was made. Now we think it perfectly clear that all these facts have been sufficiently proved; the town has been heard and had day in

court.   The right of the court to entertain the petition is admitted by the town, and appears upon the record.   And if the default binds the town it binds everybody else ; all the facts found or proved by the default of the town are found and proved against every body ; no one can come in and deny what the town has admitted to be true.   The fact of prior application to the selectmen has been judicially found, and cannot now be inquired into.

It is difficult to conceive how the question of the jurisdiction of the court under these circumstances can arise.

3. But if the land-owners ever had a right to appear in this action and object to the proceedings, on account of want of jurisdiction in the court, or for any other reason, that right was the same and *only* the same as that which the town had.   The town had waived all objections by non-appearance ; so had the land-owners. If the land owners had a right to appear and object, they had waived that right by not appearing at the proper time ; the proper time was at the term when the petition was entered and before it was referred.   If they had no right to come in, then they have no right now to make the objection ; in either view the conclusion is the same.

4. If the court should now inquire into the fact whether or not there had been a previous application to the selectmen of Dover to lay out said highway, and a neglect or refusal on their part to do so, before the petition to the court of common pleas, the case clearly shows that such application had been made, and that the selectmen had both neglected and refused to lay out said road. The application to the selectmen was made in the latter part of the year 1848, and they took no action upon it till the latter part of the following year.   This certainly was a case of *neglect* such as was contemplated by the statute, and was of itself sufficient to give the court of common pleas jurisdiction.   In 1849 the selectmen did act upon it ; they gave notice and heard all the parties, and then formally and officially *refused* to lay out the road, as appears by their record on the back of the petition. Now if it be argued that the petition had performed its office

when one board of selectmen had neglected to act upon it and passed it over to their successors in office, and that the action of those successors upon it was a nullity, it is sufficient to answer, that though it be so, the office of the petition was performed by the *neglect* of the selectmen of 1848 to act upon it, and that neglect is the very fact which gives the court of common pleas jurisdiction ; and it is of no consequence whether the proceedings of the other selectmen were regular and effectual or not. Where the jurisdiction of the court of common pleas of a petition for a new highway rests solely upon the *neglect* of the selectmen, the court would require that a reasonable length of time should have elapsed between the application to the selectmen and the application to the court of common pleas. The court does not require hurried, precipitate action, on the part of the selectmen in relation to petitions for highways.

But the land-owners allege that the petition to the selectmen was that of George Gray and others. The case finds that George Gray and Stephen Toppan were both petitioners in that petition, and it was as much the petition of *Stephen Toppan* and others, as it was the petition of *George Gray* and others ; the petitioners were the same in both petitions, and it is immaterial, we conceive, in what order the names of the petitioners are found in the petition to the selectmen.

The petition of the court of common pleas alleges that the *petioners* in that petition had petitioned in writing the selectmen of Dover to lay out said highway, and the doctrine before stated as to the effect of a default on the part of the town applies to this allegation.

The petition to the selectmen was to lay out the same road. They refused, and it is no matter *who* the petitioners were. Rev. Stat., chap. 50, § 1.

As to the notice to the land-owners, which it is objected was not such as the law required, see Rev. Stat., chap. 51, § 2, and chap. 49, §§ 2 and 3. The notice was sufficient. It was according to the statute, and conveyed all the information which land-owners could reasonably ask for, and all which the law required the commissioners to give.

This is the only notice which has ever been used by the road commissioners of this county, and it is as full as that given by commissioners in adjoining counties, and has for years met with the approval of the court and acquiescence on the part of the bar. The maxim that the practice of the court is the law of the court may here well apply.

*C. W. Woodman* and *J. S. Wells* for petitionees and Marble and Freeman, land-owners.

1. This petition is in the nature of an appeal directly from the selectmen. *State* v. *Pownal,* 10 Maine Rep. 24.

It cannot be based upon the petition to the selectmen of 1848, because too long time had elapsed between the decision upon that petition, and the filing of the petition to the court of common pleas.

The petition of 1848 was *functus officio,* and could not be the basis for this petition to the court in December, 1850. The proceedings were therefore discontinued. This petition to the court should be filed directly after, or near the time of the final action of the selectmen, either in refusal to lay out or neglecting to give the usual order of notice. Rev. Stat., chap. 50, § 1.

2. The notice to the land-owners was insufficient. The land owner has a right to come in on the return of the report of the commissioner, and object to all the previous proceedings, so far as they are illegal and tend to deprive him of his estate. Jacob's Law Dic., notice ; Rev. Stat., chap. 49, § 2, and chap. 51, § 2; Fox's Town Officer, p. 119 ; *Waldron* v. *Tuttle,* 3 N. H. Rep. 340 ; *Cardigan* v. *Page,* 6 N. H. Rep. 182 ; *Commonwealth* v. *Cambridge,* 7 Mass. Rep. 153 ; *Harlon* v. *Pike,* 3 Greenl. Rep. 438 ; *Farmer* v. *Stuart,* 2 N. H. Rep. 97 ; *Parish* v. *Gilmanton,* 11 N. H. Rep. 293.

WOODS, J. It is found by the case that the petition was duly filed with the clerk of the court of common pleas, and notice thereof given to the town of Dover, agreeably to the requirements of law, and that at the January term of said court,

1851, the town of Dover did not appear, but made default, of which a due record was made.

It is well settled that a default after notice admits every material and traversable allegation properly set forth in the declaration or petition. This is the established doctrine of the courts. *Foster* v. *Smith*, 10 Wend. Rep. 378, and cases cited; *Bates* v. *Loomis*, 5 do., 134, Mr. Greenleaf says, if a material averment, well pleaded, is passed over by the adverse party without denial, whether it be by confession, or by pleading some other matter, or by demurring in law, it is thereby conclusively proved. 1 Greenl. Ev., § 27; *Dodge* v. *Morse*, 3 N. H. Rep. 232; *Briggs* v. *Dorr*, 19 Johns. Rep. 95. And where the allegations in a declaration or petition are thus admitted by a default, it is not competent for the party to give evidence in denial of them. The default will conclude him from questioning the truth of the averments. *Foster* v. *Smith*, before cited. See, also, Strange 112; 1 Bos. and Pull. 308.

There was an averment in the petition in the present case, of the presentation of a written petition to the selectmen of Dover, to lay out the highway described in this petition, and of their refusal. That averment was clearly material and traversable. The existence of those facts was necessary to give the court jurisdiction of the petition. And after the default, it was no longer competent for the town to question them. They were conclusively proved, and we are not aware that any other party is entitled to come in and controvert the facts thus admitted. The town is the party entitled by the statute to notice of the pendency of the petition, and in practice no other party is notified. The omission to notify land-owners of its pendency certainly cannot vitiate the proceedings. Their rights are secured by notice of the subsequent proceedings, giving them opportunity to be heard on the question of damages before the commissioners.

We are not aware that it is necessary that the names of the same petitioners should be upon the petition presented to the court of common pleas that may have been upon the prior petition presented to the selectmen. The statutory provisions do not in

terms so require.  There are obvious reasons for holding a different doctrine, if it may be done consistently with the law.  In such a state of the law, the death of a petitioner would defeat a proceeding altogether, if it occurred before signing the petition to be filed in court, and so also would even a refusal on the part of any one to sign such petition.  But if that were material, inasmuch as that fact is substantially averred in the petition, it cannot now be controverted.  The averment in the petition to the court is as follows, namely: " The undersigned further represent, that they have petitioned in writing the selectmen of said Dover to lay out said new highway, as above described, and that said selectmen have refused to lay out the same."  This is in effect an allegation that the petitioners in both petitions were the same ; and if we were at liberty to look into the evidence furnished in the statement of the case, the same fact would appear.  The contrary is certainly not made to appear.  The case shows the names of only two of the petitioners upon either petition, namely, Stephen Toppan and George Gray, and they were upon each of the petitions, with others whose names are not given.  One of the petitions was designated as the petition of George Gray and others, while the designation of the other was the petition of Stephen Toppan and others.  But it is not shown that the signers were not all the same persons on both petitions.  In fact, the evidence, so far as it goes, shows them to be the same.  The merely arbitrary difference of designation of the petitions cannot affect the case.  It can in no way affect the evidence of their identity otherwise shown.  We discover no sound principle upon which it can be held that the court of common pleas was ousted of its jurisdiction by the fact that the selectmen to whom the petition was first presented neglected to act upon it while they were in office, from December, 1848, to March, 1849, or by the fact that the petitioners omitted to file their petition with the clerk of said court until the 9th day of December, 1850, it appearing that the board of selectmen for the year 1849 refused to lay out the highway, and recorded their refusal December 24, 1849.  The jurisdiction attached upon the presentation of the

petition, and the refusal of the selectmen to grant the prayer of it. And we see no ground for holding that the delay in filing the petition had the effect to oust the court of its jurisdiction, nor do we find any case giving any countenance to such a doctrine.

The jurisdiction of the court to entertain the petition, and to take cognizance of the subject matter of it, is conclusively shown by the record evidence in this petition; and so, also, upon reference to the other evidence which is recited in the case, we think the jurisdiction to be equally well established. The first ground of objection to the report cannot therefore prevail.

We regard the second ground of objection as being equally invalid.

The notice to Newton E. Marble was in the usual form, and was sufficient. It informed him that the petition of Stephen Toppan and others for a new highway in Dover had been referred to the road commissioners of the county of Strafford, and gave him information of the time and place appointed " for the purpose of hearing and determining upon said petition, and upon the claims of land-owners, and others interested therein."

It is made the duty of commissioners to give notice to the owners of land, in the same manner as selectmen are required to give notice to the owners of land. Rev. Stat., chap. 51, § 2. It is required that selectmen " shall appoint a time and place of hearing, and shall cause notice thereof in writing to be given to the first petitioner, and to the owners of land over which the same *may* pass." Rev. Stat., chap. 49, § 2. Now, what does this provision require to be done? That must be determined in view of the matter to be acted upon. The notice must be reasonable, under the circumstances. By the rule of court the petition presented to the court must give the termini of the way prayed for, without fixing any intermediate bounds. Rules of Court, 81. Now, when such a petition is referred to the road commissioners, it is not in their power usually to determine, and in fact, we see not how they are ordinarily to know, over whose land the way prayed for is to be laid out; it is not shown by

the petition, and cannot properly be.   The petition is designed by the form of it to allow a wide latitude of discretion to the commissioners in the locality of the road  between the fixed  termini ; and it is a discretion properly to  be exercised  upon a full hearing and investigation of the matter submitted to them, which must be after the required notice is given.   Many different routes between the  same termini are often pointed out, some of which may affect the rights of one owner of land, and some those of another.   The commissioners are  bound to look at and determine between them.   The most, then, that the commissioners can do before the hearing, is to give notice to such landowners as may be supposed to be affected by their action, of the fact that a  petition has been committed to them, and that they are commissioned to act in the laying out of a highway, and the district of country within which it is to be laid out, and of the time and place when and where  their meeting will be had to act upon the petition.   Very little more can be done than to follow out the literal requirements of the statute.   It would be unreasonable, and even impracticable, to require that the notice should go farther, and give a wider range of information than was given in the present case.   This is the extent to which notices have in practice carried home information to the parties entitled thereto, and it is believed that no injury or inconvenience has resulted from the want of more extended information, or greater particularity of fact in the notices given.

We are all clearly of opinion, that the exceptions relied upon in this case for setting aside the report, are wholly insufficient for that purpose ; that the ruling of the court below was correct, and that there must be'

*Judgment on the report.*