Clough *v.* Clough.

No other reason is suggested why the report should be re-
committed.   The motion is therefore denied.

*Motion denied.*

## CLOUGH *v.* CLOUGH.

A brief statement, accompanying the general issue, of a tender of money to the
  plaintiff, although defective as a plea of tender, because it does not allege
  that the defendant has always been ready to pay the money, is sufficiently
  precise and formal to authorize evidence of the tender to be given under it.

Where the jury have returned an informal verdict, which requires explanation,
  the court may inquire of them, even after they have been permitted to sepa-
  rate, what they intended to find, and a verdict in form may be taken accord-
  ingly.

ASSUMPSIT on an account annexed to the writ, for the
labor of the plaintiff for sixteen months, to the sixth of
August, 1849.

Plea, the general issue, with a brief statement of a tender
before action brought, but without alleging therein that the
defendant has always been ready to pay the sum tendered
since the time of the tender, stating, however, that the de-
fendant brings the same into court and deposits it with the
clerk for the plaintiff, if he will receive it.   The money was
deposited with the clerk when the plea was filed, and was
subsequently taken by the plaintiff.   The brief statement
also sets forth that the defendant is liable for no more than
the amount so tendered, because the labor of the plaintiff
was performed under a special contract of hire for eight
months, and the plaintiff left the employment of the defen-
dant before the expiration of that time, and thereby occa-
sioned damage to the defendant, equal to any sum which
otherwise might be due to the plaintiff for his labor.

Upon the trial, the defendant offered evidence to prove the tender, to which the plaintiff objected, but it was admitted by the court.

On the part of the plaintiff, the testimony of H. W. Lang was introduced, who testified that on one occasion he was an auditor to state the accounts between the parties, and that at the hearing before him the defendant testified that the plaintiff began to work for him on the 15th of March, and left on the 6th of August, having lost six days within the time, and that he was to have $13 per month; that the defendant also testified that he hired another hand on the 23d of August, for two months, at the same rate of wages, and that between the 6th and 23d of August he had no help to do his farming work, except about eight or nine days' work by different persons hired by the day.

On cross-examination, the witness stated that the defendant further testified that the agreement between the parties was that the plaintiff should work for him for seven or eight months, or for the season, or until he had finished his fall work, for $13 per month; and that the defendant produced a paper containing a statement of the accounts between the parties, which statement had been agreed to by the plaintiff as correct at the time the tender was made, and that this paper showed a balance due from the defendant to the plaintiff of $14,31, if nothing was to be allowed to the defendant for damages, for the alleged breach of the contract.

Mrs. Lydia Clough, another witness for the plaintiff, testified that in the spring of 1849 the parties met at her house, and she heard the plaintiff say to the defendant that he would work for the defendant a certain number of months,— what number she did not remember,—and if they did not like, either party might quit or break off the bargain.

On the part of the defendant, N. H. Leavitt testified that on the 14th of November, 1849, the defendant tendered to the plaintiff $4,31, after having read over to the plaintiff a statement in writing of their accounts, which the plaintiff

said was correct. The plaintiff claimed of the defendant the $14,31, which was shown by the statement to be the balance due him, but the defendant tendered him the $4,31, and said he should retain the $10 for his damage, on account of the plaintiff's leaving him. The plaintiff declined to take the sum tendered, saying he would take none unless he could have the whole.

Amos H. Chase, another witness for the defendant, testified that he had a conversation with the plaintiff, while he was at work for the defendant, in which the witness asked the plaintiff how long he had hired himself out to the defendant, to which he answered eight months, at $13 per month.

G. D. Clough, another witness for the defendant, testified that in June, 1849, he had a conversation with the plaintiff, in which he stated he was to work eight months for $13 per month.

The plaintiff objected that this evidence was insufficient to prove any special contract to labor for a definite period, and that if it was sufficient to prove any such contract, it was a contract varying from that set out in the brief statement. But the court submitted the evidence to the jury as sufficient to prove the contract set forth in the brief statement, and instructed the jury that if they were satisfied from the evidence, that the labor of the plaintiff was performed under such contract, and that the plaintiff left the service of the defendant against his consent and without good reason, the plaintiff was entitled to recover such sum as his services were reasonably worth beyond the sum tendered, and over and above any damages which the defendant might have sustained by reason of the plaintiff's failing to fulfil the contract.

The defendant offered evidence tending to prove that after the plaintiff left his service, and before he could obtain another laborer to supply his place, his oats and grass be-

came deteriorated and wasted, by reason of his being unable to harvest them in proper season, for want of help.

The court instructed the jury that in estimating the damages that should be deducted from, or set off against the sum to which the plaintiff might be entitled for his labor, they might consider such waste or diminution in the value of that part of the hay and oats which the labor of the plaintiff might have harvested and secured without such waste or diminution of value, if he had continued in the service of the defendant agreeably to the contract.

To which instructions the plaintiff excepted.

The jury returned a verdict in writing, as follows:

" Grafton, ss. Verdict in favor of the defendant in damages amounting to ten dollars.

JOHN WOOD, Foreman."

The court, immediately upon the rendering of this verdict, and before the jury had separated, proposed to inquire of the jury what was the meaning of their finding, but to this the plaintiff objected. Subsequently, and after the jury had been permitted to separate, the court inquired of the jury whether they intended to find that either party, and if so, which party, should pay any sum to the other, to which the foreman replied that it was the intention of the jury to find that the defendant had sustained damages to the amount of ten dollars, by reason of the plaintiff's failing to fulfil his contract, and that this was all that the plaintiff was entitled to for his labor beyond the amount tendered, and that he should recover nothing of the defendant. And a general verdict for the defendant was then entered.

*Livermore,* for the plaintiff.

I.  Where the service or other thing contracted for is of such a nature that its value does not wholly depend upon its entire performance, and when, either from the necessity of the case, or by the assent of the parties, its performance is

accepted *pro tanto*, by instalments, it is a fair rule in estimating the damages for a breach of the contract, to deduct from the price stipulated the actual necessary expense of procuring its completion. *Britton* v. *Turner*, 6 N. H. Rep. 481.

Such is the rule where *pro rata* freight is allowed. Abbott on Shipping, page 329, (Oliver's ed. 1829.)

So for not delivering goods or replacing stock. Selwyn's N. P. 143.

So on a contract to take and pay for goods a stipulated price, at a future day, the vendor may sell and recover the loss. 2 Kent Com. 504.

The injured party shall not idly await the utmost consequential damage, but shall promptly repair the breach, and charge the expense to the delinquent.

II. The contract proved is void for uncertainty.

III. A tender cannot be proved under the general issue, but must be pleaded, and that, too, with a *tout temps prist*.

IV. The written verdict differed from the oral. The $10 damages found for the defendant, added to the sum admitted by the plaintiff to have been paid, and both sums deducted from the amount of wages admitted by the defendant, would have left a balance due to the plaintiff.

The defendant, not having notified a set-off, could not legally have proved the items charged in his account against the plaintiff.

Even admitting this proof, the interest on $10, from the date of the writ to the trial, would have belonged to the plaintiff.

*I. & S. H. Goodall*, for the defendant.

I. As to the plaintiff's objection, that a tender should be specially pleaded, and cannot be filed in a brief statement under the general issue, see ch. 187, § 3 of the Revised Statutes. " No special plea shall ever be required in any civil action."

If no special plea is required, how, then, is tender to be shown, unless under a brief statement?

If it cannot be shown under a brief statement, then it can be shown under the general issue, for the statute is clear and definite that no special plea shall *ever* be required in any civil action; and of course, then, it can either be shown under the general issue, or else under the general issue and brief statement.

The same section, above referred to in the Revised Statutes, says: " Either party may give in evidence any matter in support or defence of the action, under the general issue, upon filing in court a brief statement thereof, within such time as the court may order."

Is a tender a special plea, or a matter in support or *defence* of an action ?

If a tender is a special plea, or a matter which can be used in defence of an action, then it can be relied on either under the general issue, or the general issue and a brief statement.

1st. Is tender a matter in defence of an action ? Chitty, in enumerating the *defences* to actions on contracts not under seal, quotes tender as one of the pleas *in defence of an action.* 1 Chitty on Pl. 460.

2d. Is it a special plea ? Chitty says that tender must be pleaded specially. Chitty on Pl. 473. Stephen says that other pleas are distinguished from the plea of the general issue by the appellation of special pleas. Steph. Pl. 185. Then if tender is *not* a special plea, *it is* the general issue.

II. Is sufficient alleged in the plea of tender? Is it necessary that it should say that the plaintiff has always had the money ready ? *Fuller* v. *Road,* 3 Hill 258; *Chamberlain* v. *Gorham,* 20 Johns. 746; *Edwards* v. *Clemens,* 24 Wend. 481.

1st. The plaintiff's objection is to the evidence proving tender. A tender is alleged in the plea. The plaintiff does not object to evidence that the money has always been

ready; and under his objection as taken, he cannot say that he objected to proof that the money had always been ready. If the plaintiff's objection is sufficient, then the brief statement is sufficient; for the brief statement alleges as much as the plaintiff objects to his proving.

2d. The plaintiff's objection comes too late for the specification. *Robinson* v. *Wadsworth*, 8 Met. 67, and cases cited.

The plaintiff's objection is an exception to evidence, not a demurrer to the plea. He should before trial have demurred, and then the defendant could have amended.

The only question now is, does the evidence support the plea and brief statement, and if it does, then the verdict must be sustained.

The plaintiff has waived all right he may have had to object to the plea and brief statement by accepting the money tendered, from the files of the court, without objection. The money was specially filed as a tender, and, of course, the plaintiff takes it as such, if he takes it at all. He cannot now say that he took it for any other purpose.

It must now be held as though there had been a special plea of tender and an acceptance thereof, and an election of the plaintiff to go for more.

The amendment to the case finds that the brief statement alleged that the defendant "brings and tenders in court," &c. This, although not a direct allegation that the money has always been ready, implies as much. For the defendant brings the said tender, &c. He could not bring the said tender unless the money had always been kept, and of course it was always ready if kept as a tender. And the plaintiff accepts it as the said tender, when he takes it from the files.

3d. The special contract could be shown under the general issue, and there was no need of the brief statement, except for the tender, and the contract can be proved just as well under the general issue.

4th.　The instructions of the court to the jury are correct.

5th.　The verdict rendered was for the ·defendant.

" In damages amounting to ten dollars," should be rejected as surplusage, and there was no need of inquiring of the jury.　Judgment would be rendered for the defendant as a matter of course, as on an informal verdict.

And this agrees with what the jury meant to find, as stated by the foreman, " that the plaintiff should recover nothing of the defendant."

6th.　The brief statement can be amended without setting aside the verdict, and the averment that " the plaintiff has always been ready," can now be inserted, if the court think it necessary.　*Whittier* v. *Varney,* 10 N. H. Rep. 291 ; *Hoit* v. *Molony,* 2 N. H. Rep. 322.

If necessary, the defendant moves for leave to amend the pleadings.

GILCHRIST, C. J.　If we test the brief statement by the rules which regulate a plea of a tender, it will be found to be informal, for it is not averred that the defendant was always ready and willing to pay the money.　The defendant must be always ready to pay, and state that circumstance in his plea of tender.　It is not sufficient to state that the defendant is and always has been ready to pay, but he must also say that he tendered and offered to pay.　*Birks* v. *Trippet,* 1 Saund. 33, note 2.　The plea must show that the defendant has always been ready to pay the money from the time when it first became due.　*Hume* v. *Peploe,* 8 East 168 ; Chitty on Pl. 923.

But the brief statement, inartificial and pointless as it is, cannot be rejected because it does not contain the precise and clear averments of a plea of tender.　It is generally more difficult to ascertain whether there is any substance in a complicated and confused brief statement, than to determine any ordinary question of special pleading.　A careful examination of this brief statement discloses some matters of substance.

It alleges a tender before action brought, and that the defendant is liable for no more than the amount tendered, because the damages he sustained by the plaintiff's breach of contract were equal to the residue of the plaintiff's claim. It states, also, that the money was paid into court for the plaintiff. Now although informal and defective as a plea of tender, it cannot be rejected if it contain a brief statement of the matter of the defence, and, therefore, equivalent under the statute, to a plea of tender. A question somewhat similar to the present one, at least in principle, arose in *Robinson* v. *Wadsworth*, 8 Met. 67. It was there held that where a specification to which a party was entitled, was bad for generality, it should be objected to before trial, but if not so objected to, it cannot be treated as a nullity, but the party who files it may give in evidence the particulars of that which is therein stated generally. We think the statement was sufficiently precise to authorize the evidence of the tender to be given under it.

It is said that the contract to labor is void for uncertainty. But the testimony is very much to the point, and two witnesses testify positively to the statement of the plaintiff that he was to work for eight months, at $13 per month, which is the same contract specified in the brief statement, excepting that there the price is not stated.

The instructions of the court were correct. The plaintiff was entitled to recover a reasonable compensation for his services, over and above the sum tendered and received by him, and the damages sustained by the defendant, by reason of the plaintiff's violation of his contract, and this is the substance of the instructions.

There is no reason why the written verdict returned by the jury should not be explained. As it was returned, it needed explanation, and the parties are surely entitled to know the finding of the jury upon the case submitted to them. A verdict declared orally is as valid as if reduced to writing and signed by the foreman; and if this had been

---

---

an oral instead of a written statement of the finding, the jury might have been asked to explain it. If in any particular a verdict be defective, so that the courts are not able to give judgment thereon, they will amend it, if possible, by the notes of counsel, or even by an affidavit of what was proved on the trial. Tidd's Practice 897. If a verdict be so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not, it cannot be helped by intendment. *Jewett* v. *Davis*, 6 N. H. Rep. 518. But the question here was not what construction the court could put upon the verdict, but what the jury, upon being inquired of, meant by it. And although the inquiry was made after the jury had been permitted to separate, but, as we presume, in the presence of the parties, no objection was taken on that account. It is often the case, in our practice, that the jury return a verdict for the plaintiff or the defendant merely, and it is then reduced to form.

It is said, in the argument, that the written verdict differed from the oral one, and that the sum of $10, found for the defendant, added to the sum admitted by the plaintiff to have been paid, and deducted from the amount of wages admitted by the defendant, would have left a balance due the plaintiff. But it does not appear so from the case. The plaintiff claimed the sum of $14,31, according to the statement of the accounts, which was agreed to be correct. The defendant tendered the sum of $4,31, and retained the $10 on account of the damages he had sustained, and the jury found that his damages amounted to the sum of $10. The defendant has thus accounted for the sum of $14,31, in part, by the verdict, and as to the residue, by payment, and there is no reason for the maintenance of the action against him.

*Judgment on the verdict.*

---

REPORTER'S NOTE.—Through a mistake of the printer, the preceding case, *Clough* v. *Clough*, does not appear in its proper place in the volume. It belongs among the cases of Grafton county, which immediately follow. This error was not discovered until the first part of the case had been printed.