(32 Misc. Rep. 692.)

## LYM v. BLOCK.

(Supreme Court, Appellate Term. November 7, 1900.)

1. DEFAULT—INQUEST—OBJECTIONS TO EVIDENCE—CROSS-EXAMINATION.
    On an inquest defendant's counsel may object to the reception of incompetent evidence, and may cross-examine plaintiff's witnesses, though defendant interposes no defense; but he may not establish a defense by such cross-examination.

2. SAME—REFUSAL TO ENTERTAIN OBJECTION—HARMLESS ERROR.
    Where the justice at an inquest refuses to entertain an objection by defendant's counsel to evidence offered by plaintiff, but subsequently offers to rule on the objection if defendant insists, such subsequent offer will cure the error in the previous refusal.

3. SAME—REASON FOR OBJECTION.
    Where defendant's counsel at an inquest fails to give a reason why he deems a question of plaintiff to which he objects improper, it is not incumbent on the justice to make a ruling on such question's competency.

4. APPEAL—HARMLESS ERROR.
    Overruling an objection that a question is leading will not warrant a reversal of the judgment.

5. CONTINUANCE—TENDER OF BOND—TIME.
    Where the defendant offers a bond for an adjournment of an inquest after judgment rendered, such tender will be ineffectual.

Appeal from municipal court, borough of Manhattan.

Action by Charles Lym against Joseph Block. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

I. D. Morrison, for respondent.
M. Fettenstein, for appellant.

PER·CURIAM. On an inquest the defendant's counsel has the right to stand by and object to the reception of incompetent or illegal evidence, for, even when no defense is interposed, it is the duty of the court to see that competent and sufficient evidence is produced to justify a judgment; and the counsel for defendant may interpose objections, to assist in the attainment of that object. He may even cross-examine the witnesses produced by the plaintiff, but he may not, even by his cross-examination, attempt to establish a defense. Hartness v. Boyd, 5 Wend. 563. An examination of the record shows that the justice did not, in fact, violate this rule. It is true that, when this appellant's counsel interposed an objection, the justice at first refused to entertain it, but he subsequently offered to rule upon the objection, if the appellant insisted; which,

however, he did not do. Thereafter the appellant's counsel neither interposed an objection nor offered to cross-examine. The one objection that was made did not call for any ruling, for no reason was stated why the question was deemed to be improper. The only apparent objection was that the question was leading. That, however, was not a fatal objection, and, if overruled by the justice, would not have warranted a reversal of the judgment. We have carefully examined the record, and fail to find that any improper evidence was admitted, and the judgment was fully justified by the evidence that was received. The appeal does not present any question as to the stipulation for setting aside the judgment. No order was ever entered upon it. The appellant was the first to attempt to violate it. It provided for a trial on July 10, 1900, and the appellant undertook to avoid it by giving a bond for a long adjournment. The tender of the bond was ineffectual, because it was not offered on the return day, or upon any day to which the cause was adjourned, but after judgment. The judgment must be affirmed, with costs.