## HARTNESS *vs.* BOYD.

On an *inquest* at the circuit, the defendant may *cross-examine* the plaintiff's witnesses to overthrow what has been testified to on the direct examination ; but he cannot by the plaintiff's witnesses establish a defence defeating the right to recover.

THIS was an action of *assumpsit*, tried at the Albany circuit in September, 1829, before the Hon. WILLAIM A. DUER, then one of the circuit judges.

The cause was called as an inquest, the defendant not having filed an affidavit of merits. The declaration being on a promissory note given by the defendant to the plaintiff, the making of the note was proved. The counsel for the defendant then offered to shew, by the witness who proved the note, that the suit was prosecuted by a person who had no interest in the note, for his own benefit, and not for the benefit of the plaintiff, who he also offered to prove had absconded. The judge refused to permit the defendant to examine the witness to those points, on the ground that no affidavit of merits had been filed. The defendant excepted. A verdict was rendered for the plaintiff, which was now moved to be set aside.

*J. Edwards,* for defendant.

*C. L. Allen,* for plaintiff.

*By the Court,* MARCY, J. I am of opinion that the right of a defendant on an *inquest* does not extend so far as to allow him to introduce a substantive defence ; that is, a defence which does not controvert the evidence given on the part of the plaintiff to sustain his action. If the defendant could have shewn, by a cross-examination of the witness, that the note had not in fact been made, or made under circumstances which did not render it obligatory upon the maker, he had a right to do so ; but he proposed to go further ; he offered to shew matter in defence. This is not allowed to a defendant when an inquest is taken. He may over-

ALBANY,
October, 1830.

throw by a cross-examination what has been testified to by the witness on his direct examination; but he cannot, by the witness called by the plaintiff, establish a substantive defence. The very object of the rule in reference to inquests is to preclude a defence. If there be a defence, an inquest must be prevented by filing and affidavit of merits.

New trial denied.