## JOHN H. PECK agt. JAMES CORNING.

Where the *facts and circumstances are important,* a writ of inquiry of damages, noticed for execution before a sheriff's jury, will be (in the discretion of the court) ordered to be executed before a jury at the circuit, although difficult questions of law are not expected to arise.

*February Term*, 1846.

MOTION by plaintiff, at last December special term, for an order of this court directing the writ of inquiry in this cause to be executed at the circuit.

The facts in this case, as appeared, were, that the plaintiff resided in Burlington, in the state of Vermont, and was one of the most respectable citizens of that state.

The defendant, a resident of the city of Troy, N. Y., a son of the mayor of that city, and a merchant, doing extensive business in the city of Troy; defendant was related to some of the most respectable and influential families of that place. This was instituted to recover damages for an assault and battery committed by the defendant on the plaintiff on the 16th August, 1845, in the city of Troy; the venue was laid in Rensselaer county.

The defendant had suffered a default to be entered for want of a plea.

Plaintiff stated that the assault and battery was wholly unprovoked and unjustifiable, and was committed by the defendant with great preparation and deliberation, and under the following circumstances: while plaintiff *was [*85] in waiting on his wife and other ladies traveling in company, from the Troy House, where they had stayed the night previous, to the morning train of cars, having passengers on board going to Saratoga Springs, and while plaintiff was standing on the side-walk in front of the Troy House, the defendant, with a whip in his hand, which plaintiff thought defendant had concealed and drew from under his coat, and which plaintiff thought was a raw-hide, then and there gave plaintiff three violent blows over his arm and shoulders, in the presence of many citizens and travelers assembled in the cars; the defendant gave plaintiff no previous notice of his intentions to assault plaintiff, and committed the assault and battery in the most public manner, and in the opinion of plaintiff at a time and under circumstances the most provoking and insulting. Plaintiff was advised by his counsel, David

Buel, Jr., Esq., that the matters embraced in this suit were proper to be tried by a jury in a circuit court.

JOB PIERSON, *plaintiff's counsel.*
R. CHRISTIE, Jr., *plaintiff's attorney.*
G. STOW, *defendant's counsel.*
J. A. MILLARD, *defendant's attorney.*

JEWETT, Justice. It was not denied but that the court may, in a proper case, direct that a writ of inquiry be executed at the circuit. The grounds which have induced courts to grant such indulgence are, where some difficult questions of law are likely to arise in the inquiry, or when *the facts are important* (*Graham's Pr.* 795; 2 *John. Rep.* 107; 13 *Wend.* 658; 1 *Halsted's Rep.* 330). It is not pretended in this case that any such question of law is likely to arise; but it is claimed that the application is brought within the other branch of the rule : that the facts in the case are important. It is shown that both parties have a high standing in the estimation of their fellow-citizens ; the plaintiff a resident of an adjoining state ; the defendant a resident of the city of Troy, in the county of Rensselaer, where the venue in the cause is laid, the action being local ; that the plaintiff, at the time the injury was inflicted, was a traveler with his wife, with other ladies in company ; that they had rested the night previous at a hotel in Troy, and were passing from the hotel to a morning train of cars for Saratoga Springs, when the defendant, having deliberately prepared himself with a whip, and without any intimation given to the plaintiff of such intention, in the presence of his wife and other ladies under his charge, without any provocation, and in view of many citizens in a public street in that city, and with the purpose, not only of inflicting great *personal* injury, but the *deepest disgrace* and *insult* within his power, attacked and struck the plaintiff with a whip several violent blows, he being entirely destitute [*86] of any *means of defence. The power which this court is called upon to exercise is discretionary ; every case

must more or less rest upon circumstances peculiar to itself. Taking into consideration the time when and place where the outrage complained of was committed, the peculiar and aggravating circumstances attending it, I am of opinion that although no difficult questions of law are expected to arise, yet that the facts in the case are of sufficient importance to render it a discreet exercise of power to send the writ of inquiry in in this case to the circuit to be executed.