of 1892; and, had such finding appeared, it would have been contrary to the evidence, for the testimony adduced shows that Jefferson Place, before the repairs of March, 1901, was, as to condition and grade, an ordinary country road, following the natural contour of the land. The order should be reversed, and the motion to appoint commissioners denied.

Order reversed, with $10 costs and disbursements, and motion for appointment of commissioners denied. All concur.

<hr>

(93 App. Div. 115.)

### ELSEY v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department. March 15, 1904.)

1. **JUDGMENT BY DEFAULT—WRIT OF INQUIRY—PROCEEDINGS—JURY—JUDGE PRESIDING.**

     Code Civ. Proc. § 1214, provides that, on default by a defendant, plaintiff must apply to the court for judgment; and section 1215 provides that thereupon, where the action is to recover damages for a personal injury, the damages must be ascertained by a writ of inquiry, and that the court may direct that the report or inquisition be returned to the court for its further action. *Held*, that where, in an action for personal injuries, defendant made default, it was proper for the court to order that the sheriff attend and execute the writ of inquiry in open court, with the judge presiding, and that the jury, to ascertain the damages, should be drawn from the panel of jurors then in attendance at a regular trial term; it not being necessary that the writ should be executed by the sheriff as the presiding officer, and by a jury chosen by him.

     Williams, J., dissenting.

Appeal from Special Term, Niagara County.

Action by George Elsey against the International Railway Company. From an order directing assessment of damages in open court by a jury to be drawn from the regular panel, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Frederick Chormann, for appellant.

George D. Judson, for respondent.

SPRING, J. The plaintiff sued the defendant in county court in negligence to recover for personal injuries sustained by him. The defendant appeared in the action, but did not answer. Default having been made, the plaintiff applied upon notice for judgment, pursuant to section 1214 of the Code of Civil Procedure. The court entertained the application, and ordered that a writ of inquiry issue, directed to the sheriff of the county, to ascertain the damages of the plaintiff in the action; that the sheriff attend at the courthouse on a day specified; that the writ be executed in open court, the judge presiding; and that the jury to ascertain the damages be drawn from the panel of jurors then in attendance at a regular trial term of the court. The appellant claims that the order is unauthorized, as the writ of inquiry must be executed by the sheriff as the presiding officer and by a jury chosen by him.

The practice for the ascertainment of damages on default, where application to the court is essential, is provided for in section 1215 of the Code of Civil Procedure. The court, in granting the application, may make the assessment itself, or with the aid of a jury, or by a reference or a writ of inquiry, "except that where the action is brought to recover damages for a personal injury, or an injury to property, the damages must be ascertained by means of a writ of inquiry." The section further provided that, if a writ of inquiry is directed, "the court * * * may direct that the * * * inquisition be returned to the court, or a judge or justice thereof, for its or their further action," or the direction may be omitted, and the final judgment be entered by the clerk on the inquisition.

It is apparent, therefore, that the manner of the ascertainment of the damages on default, where application to the court is necessary, is largely left to the discretion of the court, except that in an action for a personal injury or injury to property it must be by writ of inquiry. This practice in its essential features was contained in the Code of Procedure, § 246, subd. 2, as amended in 1851 (Laws 1851, p. 892, c. 479). The Code does not prescribe the mode of executing the writ of inquiry, and the practice relative to it does not seem to have met with much consideration from the courts especially in recent years.

A writ of inquiry is directed to the sheriff "because it is unknown what damages the plaintiff hath sustained," commanding the sheriff to inquire into such damages by a jury impaneled therefor, and to return the inquisition to the court. Rumsey's Practice, vol. 2, p. 722 (2d Ed.); Black's Law Dictionary, p. 627; Burrill's Law Dictionary, vol. 2, p. 81; Encyclopædia of Pleading & Practice, vol. 10, p. 1135.

A few significant features may be noted. It is to be observed that the object of the writ of inquiry is primarily to aid the court in the assessment of damages. The writ is issued by it, or by a judge or justice, and it may direct the inquisition to be returned to it, evidently for its consideration. It is like the practice in an equity action to submit specific questions to the jury, but which are ultimately to be passed upon by the court with the enlightenment coming from the verdict. The writ is issued by the court, and it appoints the sheriff as its representative or alter ego to execute its mandate, and to preside if the judge does not act himself. The essence of the proceeding is that a jury is to assess the damages, but in what precise manner or how they are to be impaneled is not defined. It is "in the nature of an inquest of office to inform the conscience of the court." Encyclopædia of Pleading & Practice, vol. 10, p. 1135. The execution of the writ may, however, be had in court before a jury drawn from the regular panel, and with the judge presiding instead of the sheriff. Ellsworth v. Thompson, 13 Wend. 658; Peck v. Corning, 2 How. Prac. 84; O'Donnell v. Hecker et al., 3 How. Prac. (N. S.) 384; Bossout v. Rome, W. & O. R. R. Co., 131 N. Y. 37–40, 29 N. E. 753; Rumsey's Practice, vol. 2, p. 723 (2d Ed.); Encyclopædia & Practice, vol. 10, p. 1137, and cases cited.

The sheriff acts ministerially in the execution of this writ, and in behalf of the court, and the inquisition may, if the court so elects, be returned to it for its consideration. The assessment of damages may oc-

casionally involve intricate questions of law, and the court may deem it wise and prudent to retain the execution of the writ in court, and, as the simpler method of drawing a jury is from those in attendance, that course may be adopted. This solution does not imply any departure from the substance of the writ, which is the ascertainment of damages by a jury, with a view to the speedy disposition of the action.

It is suggested that, inasmuch as the Code of Civil Procedure (section 1215) vests the court with authority to direct the return of the inquisition to it, the conclusion follows that the execution of the writ must be had by a jury selected by the sheriff, and the inquiry must be before him presiding. This deduction does not necessarily follow. If the inquisition is not to be executed in court, that direction may be made. In fact, the existence of this authority emphasizes the suggestion that the court or judge retains the control of the proceeding, and the inquisition is merely the means to aid in the final disposition of the subject-matter committed to the jury, which is the ascertainment of damages on default. It would seem to be the more wholesome rule to leave the manner of executing the writ, within the lines suggested, to the discretion of the court. In cases easy of solution, the sheriff, with his jury, may be safely trusted with their determination. In a case where troublesome questions of law are likely to arise, the court, in the exercise of its judgment, should be permitted to conduct the inquiry itself with jurors taken from the regular panel.

Actions for personal injuries are numerous, and are not decreasing. Often there is no defense to the action, but the parties are unable to agree upon the sum with which the defendant is to be charged. If each side can be assured that the inquiry to ascertain the damages may be heard in court, if it so directs, the expense and delay of a trial may occasionally be avoided. Upon the present application affidavits were presented to the court, and sufficient appeared to warrant the court in exercising its discretion in the manner it did. Our conclusion is that the order should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur, except WILLIAMS, J., who dissents.