(158 App. Div. 733.)

### LEWIS v. CITY REALTY CO.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. PLEADING (§ 349*)—JUDGMENT ON THE PLEADING—PROPRIETY.

    Plaintiff alleged by paragraph 5 of the complaint that defendant neglected to comply with an agreement to exchange land which required it to pay $5,000 and convey its property, to plaintiff's damage in the amount of $12,000. The answer denied all of the allegations of paragraph 5 of the complaint save that it had not paid plaintiff the sum of $5,000 or conveyed the land. *Held*, that the answer did not admit the amount of the damage, and hence a judgment for plaintiff on the pleadings was improper, as plaintiff's damages should be assessed under Code Civ. Proc. § 1183, providing that in an action to recover a sum of money only, if there be a verdict for plaintiff, the jury must assess the amount of the damage.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1067–1069; Dec. Dig. § 349.*]

2. PLEADING (§ 327*)—BILL OF PARTICULARS—OFFICE OF BILL.

    A bill of particulars cannot aid the pleadings by showing the value of the property, in an action for breach of a contract to exchange, and thus entitle plaintiff to judgment on the pleadings; defendant having admitted its breach.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 993, 994; Dec. Dig. § 327.*]

3. APPEAL AND ERROR (§ 679*)—RECORD.

    Where the bill of particulars is not contained in the record before the appellate court, it cannot aid the judgment on the pleadings by showing the amount of the damage.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2878, 2879; Dec. Dig. § 679.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Minnie Lewis against the City Realty Company. From a judgment dismissing the counterclaim interposed by defendants and giving judgment for plaintiff on the pleadings, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Geo. E. Blackwell, of New York City, for appellant.

Isaac N. Miller, of New York City, for respondent.

DOWLING, J. [1] The action is brought to recover alleged damages for breach of a contract for the exchange of real estate. The allegations of the complaint setting forth the damages claimed to have been sustained by the plaintiff are contained in paragraph 5 as follows:

"The defendant neglected to comply with the terms of the agreement on its part and wholly failed to pay the said $5,000 and to convey to this plaintiff the said premises situated in the borough of Roselle Park, in the county of Union, and state of New Jersey, to the damage of the plaintiff $12,000."

The defendant by its answer denied all the allegations contained in said paragraph 5 save that it had not paid the plaintiff the sum of $5,000 therein referred to and had not conveyed to her the premises in question in New Jersey. Upon this state of the pleadings it was improper to direct an entry of the judgment in the sum of $12,000 in favor of the plaintiff. The defendant had put in issue the amount of the plaintiff's damage, and, even though no issue was left as to the breach of the contract, the amount of damages sustained should have been assessed pursuant to section 1183, Code of Civil Procedure, and there should not have been a direction for judgment. The complaint contains no averment of the value of the property in New Jersey, and the defendant has made no admission as to the same.

[2, 3] It is now claimed, in the effort to sustain the judgment, that the bill of particulars did set forth the value of that property, but that would not have supplied the defect in the complaint, and in any event it is not available here, for the bill of particulars is not before us.

It follows, therefore, that the judgment appealed from must be reversed, and a new trial ordered, in order that the damages sustained by the plaintiff, if any, may be properly assessed by a jury. In so far as the judgment dismissed the counterclaims, we think it was properly granted. All concur.