PAULINE BORNSTEIN, as Administratrix, Etc., Plaintiff, *v.* BENI FADEN et al., Defendants.

(Supreme Court, New York Special Term, February, 1914.)

Damages — assessment of — in action for personal injuries — writ of inquiry may be executed before a judge where some difficult point of law is likely to arise.

The effect of a decision by the Court of Appeals affirming an order granting a new trial and directing judgment absolute for plaintiff, in an action to recover for personal injuries, is the same as if a default had occurred, and the proceeding to assess the damages, if taken at a Trial Term, is similar to

the taking of an ordinary inquest; but where the assessment is by a jury at a Trial Term the rules for reviewing the trial of an action do not prevail.

A writ of inquiry for an assessment of damages in an action for personal injuries may be executed before a judge where some difficult point of law is likely to arise in the course of the inquiry, or the facts are important.

MOTION for a writ of inquiry.

Boudin & Liebman, for motion.

Walter G. Evans, opposed.

GIEGERICH, J. The action is to recover $20,000 damages for the death of the plaintiff's intestate, claimed to have been caused through the defendants' negligence. Upon the trial of the action the complaint was dismissed. The Appellate Division reversed the judgment and ordered a new trial. The defendants gave a stipulation for judgment absolute and appealed to the Court of Appeals, where the order and judgment of the Appellate Division was affirmed and judgment was directed to be entered in favor of the plaintiff on said stipulation. The plaintiff now applies for an order directing that a writ of inquiry be issued to the sheriff of the county of New York for the assessment of the damages and for such other and further relief to the plaintiff as may be just in the premises. The defendants oppose the motion upon the ground, among others, that intricate questions of law will arise in assessing the damages. The practice in a case like the present one was laid down by the Court of Appeals in *Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 37, where it was held that the effect of a decision by that court affirming an order granting a new trial and directing judgment absolute in the Supreme Court in favor of

17

the plaintiff in an action to recover damages for an injury alleged to have been caused through the defendants' negligence is the same as if the whole of the plaintiff's cause of action had been admitted and a default had occurred, and that, in assessing the damages, the proceeding was similar to the taking of an ordinary inquest, which might for the purposes of convenience be taken at Trial Term, but that it was not requisite that it should be, and that where the assessment is by a jury at a Trial Term the rules for reviewing the trial of an action do not prevail. The court, adverting to the change in the practice at page 40, said: " Under the old practice, where the amount of the damages could not be adjusted without an inquiry, a writ of inquiry to assess the damages was issued and directed to the sheriff of the county where the venue was laid, and stating that ' because it is not known what damages the plaintiff hath sustained,'. the sheriff is commanded to inquire of the same by a jury of twelve men, etc. (Graham's Practice [2d ed.], 794; 1 Tidd's Prac. [Am. ed.] 1840, 570, 573, 582). Notice to the defendant, if he had appeared, was to be given, and the writ was executed under the direction of the sheriff. It could, however, under special circumstances, be executed at the Circuit, and under the direction of the court. Now, by the provisions of section 194 of the Code, it would have to be executed in the court of original jurisdiction. Its character, however, is not thereby changed, and the court, when executing an assessment of damages, proceeds in a manner similar to the taking of an ordinary inquest. There is nothing which compels its execution at the Circuit, although for purposes of convenience it is better to so execute it, as a jury is there already provided. Before the Code, such irregularities as occurred during the execution of the inquisition could only be taken

advantage of by motion to set aside the proceedings and not by writ of error." The special circumstances under which the writ of inquiry may be executed before a judge are that some difficult point of law is likely to arise in the course of the inquiry or that the facts are important. 2 Archb. Pr. 23; *Ellsworth* v. *Thompson,* 13 Wend. 658, 661; *Elsey* v. *International R. Co.,* 93 App. Div. 115, 117, and citations; 10 Ency. Pl. & Pr. 1137, and citations. I think the facts in this case are such that I should follow the course pursued in *Bossout* v. *R., W. & O. R. R. Co., supra,* and in *Trieber* v. *New York & Q. R. R. Co.,* 149 App. Div. 802, where judgment absolute was rendered by the Court of Appeals on the defendant's stipulation in an action to recover damages for death caused by negligence, and the case will be sent to the Trial Term for the assessment of the damages by a jury under the direction of the court in such part and on such date as shall be fixed in the order. Motion granted as indicated, without costs.

Ordered accordingly.