WALTER J. McCLELLAND, Appellant, *v.* CLIMAX HOSIERY MILLS, Respondent.

(Argued October 10, 1929; decided January 7, 1930.)

*Edward Endelman* for appellant. A plea in mitigation must be specially pleaded under section 262 of the Civil Practice Act. As there is no answer in this action, there is no plea in mitigation before the court. Evidence offered to support such a plea was, therefore, erroneously accepted by the trial court. (*Bassett* v. *French,* 10 Misc. Rep. 678; *Ford* v. *David,* 1 Bosw. 570; *McKyring* v. *Bull,* 16 N. Y. 297; *Gabay* v. *Doane,* 77 App. Div. 416.) The testimony for defendant of an alleged offer of employment made before plaintiff was discharged on June thirtieth was improperly received. (*Whitmarsh* v. *Littlefield,* 46 Hun, 418; *Martin* v. *Johnson,* 6 Misc. Rep. 310; 148 N. Y. 740.) The burden of proving employment, or earnings, if any, or efforts to procure employment, or non-efforts on the part of the plaintiff, was on the defendant. (*Howard* v. *Daly,* 61 N. Y. 362; *Graff* v. *Blumberg,* 53 Misc. Rep. 296; *Griffin* v. *Brooklyn Ball Club,* 66 App. Div. 566; *Merrill* v. *Blanchard,* 7 App. Div. 167; *Monroe* v. *Proctor,* 51 Misc. Rep. 632; *Milage* v. *Woodward,* 186 N. Y. 252; *Crawford* v. *Mail & Express,* 22 App. Div. 54.) This court has jurisdiction in this case and the appeal does lie. (*Yaw* v. *Whitmore,* 66 App. Div. 317.)

*Thomas P. Hall* for respondent. The court is without jurisdiction to review orders denying motions for new trials entered upon proceedings for the assessment of damages, where the appellant has mistakenly pursued that remedy instead of moving at Special Term for the vacation of the assessment of damages. (*Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 37; *Trieber* v. *New York & Q. C. Ry. Co.,* 149 App. Div. 804; *Lewin* v. *Lehigh Valley R. R. Co.,* 169 N. Y. 336; *Ware Brothers Co.* v. *Cortland Cart & Carriage Co.,* 192 N. Y. 439; *Mortimer* v. *Bristol,* 190 App. Div. 456.)

HUBBS, J. The complaint alleges that on April 19, 1926, the plaintiff and defendant entered into a written contract in which it was agreed that the plaintiff was to

have charge of the sales of the defendant at a salary of $12,000 a year for the balance of the year and for the year 1927; that the contract was carried out and the plaintiff was paid according to its terms; that he continued to work until and during the month of June, 1928, but that the $1,000 due for that month's work had not been paid. It is also alleged that on or about January 12, 1928, the parties entered into a further agreement whereby the defendant agreed to employ the plaintiff for the balance of the year 1928 upon the same terms. On June 30th the defendant discharged the plaintiff and this action is to recover $1,000, the salary earned for the month of June and $6,000 damages for his wrongful discharge.

The defendant being in default in answering moved at Special Term to open the default. The motion was denied and defendant appealed to the Appellate Division. The order of the Special Term was affirmed. The plaintiff then moved at Special Term under section 490 of the Civil Practice Act for an assessment of damages. The motion was granted and the court directed that the assessment be taken before it at Special Term. The parties appeared and the plaintiff established a *prima facie* case entitling him to a judgment for $7,000. The defendant then offered testimony over the plaintiff's objection and exception tending to establish that a third party during the month of June before plaintiff's discharge offered the plaintiff a similar position at the same salary. The plaintiff in his objection specifically pointed out that at the time of the alleged offer of employment, the plaintiff had not been discharged but was still employed under his contract with the defendant. The Special Term sustained the defendant's contention, refused to award the plaintiff judgment for damages for his wrongful discharge but granted judgment for $1,000 salary for the month of June. Judgment was entered accordingly. The Appellate Division has affirmed the judgment and permission to appeal has been granted by this court.

In an action for damages for wrongful discharge the burden of going forward with the evidence upon an issue in reduction of damages is on the defendant. The testimony offered by the defendant was insufficient to establish any basis for the reduction of plaintiff's damages. It was indefinite and uncertain and did not tend to establish that plaintiff could have procured similar employment elsewhere for any definite time at any definite salary.

It is urged by the appellant that it is improper, upon an assessment of damages, to receive testimony offered by a defendant to the effect that the plaintiff refused to accept similar employment and thereby reduce his damages.

The defendant, by failing to answer, admits all traversable allegations contained in the complaint. (*Foster* v. *Smith*, 10 Wend. 377; Paine & Duer Practice, vol. 1, p. 635.) An allegation of damage is not, however, a traversable allegation. (*Emery* v. *Baltz*, 94 N. Y. 408, at 412.) It is not admitted by a defendant's failure to answer. (*Hartness* v. *Boyd*, 5 Wend. 563; *Howell* v. *Bennett*, 74 Hun, 555, at 558; *Thompson* v. *Halbert*, 109 N. Y. 329; *Lewis* v. *City Realty Co.*, 158 App. Div. 733; *Sutton* v. *Duntley*, 205 App. Div. 660.)

Upon an assessment of damages, a defendant who has served a notice of appearance is entitled to notice of the assessment, to appear and cross-examine the plaintiff's witnesses, and to offer testimony upon the question of damages, not for the purpose of defeating the plaintiff's cause of action *in toto*, because he has admitted the cause of action by failing to answer and plaintiff is entitled, in any event, to nominal damages. The testimony is competent, however, for the purpose of assisting the court in fixing the real damages suffered by the plaintiff. (*Kerker & Willets* v. *Carter*, 1 Hill, 101; *Hartness* v. *Boyd, supra; Wandell* v. *Edwards*, 25 Hun, 498; Graham's Practice, 642.)

Where a summons and complaint is served personally,

and the clerk may enter a default judgment as provided in section 485 of the Civil Practice Act, the clerk must enter it for the amount demanded in the complaint, unless the plaintiff elects to have it entered for a smaller sum. (Civ. Prac. Act, § 487.) In such cases the default admits the cause of action alleged and the amount for which judgment may be entered. If the case is not one where the clerk may enter a default judgment for the amount demanded in the complaint, the plaintiff must " apply to a court or to a judge thereof for judgment." (§ 489.) In *Bullard* v. *Sherwood* (85 N. Y. 253, at p. 256) Judge FINCH, in referring to a similar provision of the Code of Civil Procedure, said: " The very requirement of an application to the court implies a judicial determination of the proper judgment to be rendered which is not at all controlled by the legal conclusions of the pleader."

The appellant contends that such testimony cannot be given by a defendant upon an assessment of damages because of the provisions of the Civil Practice Act which control in the matter of pleading. Section 261 provides: " The answer of the defendant must contain: * * * 2. A statement of any new matter constituting a defense or counterclaim." Section 262 provides that an answer may state a partial defense and " Matter tending only to mitigate or reduce damages is a partial defense, within the meaning of this section." Section 339 reads: " In an action to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property, the defendant may prove, at the trial, facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action. A defendant, in default for want of an answer, may prove facts of that description upon a reference or inquiry to ascertain the amount of the plaintiff's damages."

It is urged that the effect of those provisions is to

prevent the defendant who has failed to set up in an answer as a partial defense " matter tending only to mitigate or reduce damages " from giving testimony thereof, and that, therefore, such testimony is not admissible on an assessment of damages. The rules of pleading embodied in those provisions of the Civil Practice Act are intended to govern when a pleading is served. They have no application upon an assessment of damages taken upon a default for service of an answer except as stated in section 339, which expressly provides that a defendant· in default for an answer in an action for wrong may offer evidence in mitigation or reduction of plaintiff's damages.

The practice upon an assessment of damages, except as provided in section 339, is governed by the rules of the common law. (*Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 37, at 39; *Yaw* v. *Whitmore,* 66 App. Div. 317, 321.) The principle which prevents a defendant from offering evidence upon an assessment of. damages in contradiction of material allegations of the complaint is that by failing to answer he has conclusively admitted the plaintiff's cause of action. To that extent, he is foreclosed from offering testimony. But by failing to answer he does not admit the plaintiff's legal conclusion as to damages. He is not, therefore, foreclosed from offering evidence upon that question.

The defendant contends that the plaintiff was required by rule 222 of the Rules of Civil Practice to move at Special Term to vacate or set aside the assessment of damages and that the order made on the motion upon the minutes of the court to set aside the verdict and for a new trial offers no ground for an appeal to this court. This was neither a reference nor a writ of inquiry.

The assessment having been made by the court, the motion was properly made on its minutes and no court of concurrent jurisdiction could have entertained a motion

to set aside the assessment. The procedure upon an assessment of damages by the court is not specified in the Civil Practice Act and general rules must be held to apply. (*Bossout* v. *R., W. & O. R. R. Co., supra; Yaw* v. *Whitmore, supra; Elsey* v. *International Ry. Co.,* 93 App. Div. 115.) While it might be true that this court could not entertain an appeal from the order entered upon the denial of plaintiff's motion to set aside the verdict if taken independently, an appeal from the judgment brings up for review such order. (Civ. Prac. Act, § 580.)

The judgment is clearly final and it must, therefore, be held that it as well as the order in question may be reviewed by this court. (*City Trust S. D. & S. Co.* v. *American Brewing Co.,* 182 N. Y. 285; Civ. Prac. Act, § 588, subd. 5.) The assessment of damages did not involve a discretion on the part of the court in making the assessment as the amount of the plaintiff's damage was the amount fixed in the contract. The evidence was insufficient to establish any basis for the reduction of plaintiff's damages which were *prima facie* the salary fixed by the contract of employment. (*Ware Brothers Co.* v. *Cortland Cart & Carriage Co.,* 192 N. Y. 439.)

The judgment and order should be reversed and the matter remanded to the Special Term for reassessment of damages in accordance with the determination of this court.

CARDOZO, Ch. J. (concurring). I agree with Judge HUBBS that the testimony as to other employment was too vague and indefinite to disprove the *prima facie* case of damage made out by the plaintiff. I agree with him also that Civil Practice Act, section 262, like Civil Practice Act, section 339, is inapplicable to a case where the defendant is in default for want of an answer. I am satisfied, however, that even if an answer had been served, a failure to seek other employment would not be matter

in mitigation within the meaning of the statute, and would, therefore, be provable though not specially pleaded. It is important to avoid any implication to the contrary.

For many years the Codes of Procedure and of Civil Procedure had rules as to the pleading of "mitigating circumstances" in certain classes of actions, *i. e.*, in actions of libel and slander (Code of Procedure, § 165), and in actions to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property (Code Civ. Proc. § 536). These provisions were carried forward into section 339 of the Civil Practice Act, which reads as follows: "Proving mitigating circumstances in action for wrong. In an action to recover damages for the breach of a promise to marry, or for a personal injury, or an injury to property, the defendant may prove, at the trial, facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action. A defendant, in default for want of an answer, may prove facts of that description upon a reference or inquiry to ascertain the amount of the plaintiff's damages."

The courts had occasion from time to time to pass upon the meaning of the phrases "mitigating circumstances" or facts "tending to mitigate or otherwise reduce the * * * damages," as used in these statutes. The rule came to be established that the mitigating circumstances referred to were those that bore upon a defendant's liability for punitive or exemplary damages by reducing or softening the moral or social culpability attaching to his act, or upon his liability for actual damages by showing that, though suffered, they had been partially extinguished. For illustration, a defendant might wish to show that in publishing a libel he had acted without malice, upon credible reports, and in the belief that what he was writing was the truth. To gain for himself the benefit of these mitigating circumstances in reduction or extinguishment

of punitive damages, there was need for him to plead them (*Wachter* v. *Quenzer*, 29 N. Y. 547; *Spooner* v. *Keeler*, 51 N. Y. 527, 535; *Bradner* v. *Faulkner*, 93 N: Y. 515; *Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474). On the other hand, there could never be "mitigating circumstances" to cut down the recovery of damages actually suffered unless afterwards extinguished *pro tanto* by payment or release (*Gressman* v. *Morning Journal Assn.*, *supra; Lynch* v. *Figge*, 194 App. Div. 126, 132). Matter tending to the disproof of actual damages, or damages claimed to be actual, was not matter in mitigation within the meaning of the statute, and might be proved by a defendant though not mentioned in the answer (*Wandell* v. *Edwards*, 25 Hun, 498; *Gulerette* v. *McKinley*, 27 Hun, 321; *Young* v. *Johnson*, 46 Hun, 164; 123 N. Y. 226; *Osterheld* v. *Star Co.*, 146 App. Div. 388, 394; *Walmsley* v. *Kopczynski*, 202 App. Div. 104, 108). The doctrine of these decisions is in harmony with the rule that an allegation of a complaint as to a plaintiff's general damages is not the subject of traverse in an answer, and may be disputed by a defendant though not covered by a denial (*Howell* v. *Bennett*, 74 Hun, 555, 558, and cases there cited). A *fortiori* it may be disputed without plea in mitigation.

Until the adoption of the Civil Practice Act, the statutory rules with reference to mitigating circumstances were confined, as I have said, to three classes of actions. At an early date, however, the question came before the courts as to the practice to be followed where matter in mitigation was to be proved by a defendant sued in assumpsit or in debt. In the leading case of *McKyring* v. *Bull* (16 N. Y. 297, 304), this court laid down the rule that there must be a plea even in such actions whenever the matter to be proved was in full or in partial discharge of a cause of action theretofore accrued, since this was "new matter" within the meaning of the Code. The case there considered was an action in assumpsit for the

value of services. In such an action full payment is not provable unless pleaded as a defense (cf. *Lerche* v. *Brasher*, 104 N. Y. 157). Our ruling was that partial payment mitigating the damages was not provable unless pleaded as a partial defense. The cause of action became complete when the services were rendered. Evidence of later payments was not matter tending to disprove the cause of action at the date of its accrual, nor even tending to reduce the amount then owing for the services as a fixed and certain obligation. Like proof of release or of accord and satisfaction, it made out a discharge, *pro tanto*, of a liability once existing. In substance, it was confession and avoidance. Nothing in that decision or any other gives support to the conclusion that there must be a plea in mitigation where the matter to be proved by the defendant is directed to his contention that the damages sued for by the plaintiff were never suffered as claimed (cf. *Gabay* v. *Doane*, 77 App. Div. 413; Pomeroy, Code Remedies [5th ed.], §§ 570, 571).

The question now is whether section 262 of the Civil Practice Act has brought with it the need for a new and different definition of " mitigating circumstances." The provisions of that section so far as relevant are as follows: " A partial defense may be set forth [in an answer], but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. * * * Matter tending only to mitigate or reduce damages is a partial defense, within the meaning of this section." The sentence last quoted was not in the earlier codes.

I see no reason to believe that this section has changed the definition of " mitigating circumstances." If it has, the curious result will follow that even in the classes of cases enumerated in section 339, matter disproving actual damages must be pleaded today, though never required to be pleaded in the past. I cannot bring myself to believe that a change so revolutionary was brought about

by merely declaring in respect of actions generally the same rule of pleading long in force with reference to actions of certain designated classes. Mitigating circumstances are not those that reduce the actual damages by showing that they were not suffered. Mitigating circumstances are those that affect the basis for an award of exemplary damages, or reduce actual damages by showing, not that they were never suffered, but that they have been partially extinguished (cf. *Gabay* v. *Doane, supra.*)

The final question is this: Does a servant's refusal to accept other employment amount to an extinguishment of liability for damage actually suffered, or to disproof of the claim that damage to the extent demanded *was* actually suffered? Plainly, I think, the latter. Upon a wrongful discharge of a servant during the term of employment, the *prima facie* measure of damage is the wage that would be payable during the remainder of the term (*Howard* v. *Daly*, 61 N. Y. 362, 371; *Milage* v. *Woodward*, 186 N. Y. 252, 257; *Warren* v. *Stoddart*, 105 U. S. 224). This is only the *prima facie* measure. There is no fixed and certain obligation on the part of the master to respond in damages for that amount. The obligation of the master is merely to pay whatever damages have actually been suffered, and these exclude damages that a servant, acting reasonably, would have diminished or avoided. Proof of a *prima facie* case will charge the master with a duty of going forward with the evidence. This does not mean that he has the burden of proof in the strict sense, a burden that would require him to plead the matter to be proved (*Whitlatch* v. *Fidelity & Casualty Co.*, 149 N. Y. 45, 50; *Irving* v. *Irving*, 90 Hun, 422; 149 N. Y. 573).

The statement is made not infrequently in treatise and decision that a servant wrongfully discharged is " under a duty " to the master to reduce the damages, if he can. The phrase is accurate enough for most purposes, yet

susceptible of misunderstanding, if emphasized too sharply (American Law Institute, Tentative Restatement of the Law of Contracts, § 328). The servant is free to accept employment or reject it according to his uncensored pleasure. What is meant by the supposed duty is merely this, that if he unreasonably reject, he will not be heard to say that the loss of wages from then on shall be deemed the jural consequence of the earlier discharge. He has broken the chain of causation, and loss resulting to him thereafter is suffered through his own act. It is not damage that has been caused by the wrongful act of the employer.

I am confirmed in the conclusion that evidence as to these matters does not come within the description of mitigating circumstances when I reflect where we shall be led if we adopt a different rule. A manufacturer of merchandise brings an action against the buyer by reason of an anticipatory refusal to accept the merchandise when made. Must the defendant plead in his answer that the plaintiff aggravated the damages by proceeding with the process of manufacture after notice to desist? A buyer sues a manufacturer for an injury to merchandise resulting, as he claims, from packing in defective cases. Must the defendant plead in defense that the plaintiff kept the goods in the cases after knowledge of the defect when at a trifling expense they could have been repacked in cases that were perfect? In these and countless other instances, the course of justice will be greatly embarrassed if the damage actually suffered as a jural consequence of the wrong may not be proved to be less without a plea in mitigation. Often the truth does not come out without the probe of cross-examination in the progress of the trial. The defendant cannot know it in advance, or even have information about it, so as to supply a basis for a pleading. This is conspicuously so in the very class of actions now before us, where the servant often sues immediately after his discharge, and the employer does not know until the

trial whether there has been diligence or inaction in looking for employment elsewhere.. We encourage reckless. pleading if we say that in such circumstances there can be no reduction of the damages, no proof that they were not actual, unless the defendant has the hardihood to assert a plea in mitigation.

There should be. a reassessment of the damages in accordance with these views.

CARDOZO, Ch. J., concurs in opinion; POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur in both opinions.

Judgment accordingly.