MARIE BRAZOS, Respondent, *v.* RICHARD BRUMIDGE et al., Appellants.

First Department, November 25, 1958.

*Joseph P. Feury* of counsel (*William J. Kenney,* attorney), **for** appellants.

*Ellias C. Hoppenfeld* for respondent.

M. M. FRANK, J.   The defendants appeal from a **Special Term** order which granted the plaintiff's motion to strike the entire answer as sham, and directed the entry of judgment **and an** assessment of damages, pursuant to rule 104 of the Rules of Civil Practice.

The plaintiff commenced an action against the defendants in the Municipal Court of the City of New York.   The complaint indorsed upon the summons reads: '' Action in negligence for property damage to plaintiff vehicle, a 1956 coupe, in the sum of $625.00 as a result of the negligence, carelessness of the defendant on the 27th day of December, 1956.   No negligence on the part of the plaintiff contributing thereto.''   Issue was joined by the service of an answer containing a general denial.   When the case appeared on the calendar for trial, counsel for the defendants refused to proceed because, as he stated to the court, '' there were no issues to try; I offered to make the plaintiff whole.''   The cause was thereupon set for inquest.   At that time the offer to pay the full amount claimed in the complaint together with interest and costs was renewed but it was rejected by the plaintiff.   Upon the conclusion of the direct testimony of the first witness at the inquest, the court asked counsel for the

defendant, who was present, "Do you want to inquire?" Counsel responded, "I am not participating in this inquest."

The minutes of that proceeding disclose that no claim was asserted for personal injuries and no testimony taken with respect thereto. On April 2, 1958, judgment was entered for the plaintiff.

Thereafter, the complaint in this action, dated April 18, 1958, was served upon the defendants. The pleading alleges the same operative facts upon which the negligence of the defendants was predicated in the Municipal Court action. In addition, in paragraph "Tenth", recovery for personal injuries in the sum of $150,000 is sought against the same defendants. The answer not alone denies the allegations pertaining to liability but also specifically denies paragraph "Tenth" of the complaint. After issue was joined, the application to strike the answer was made and the motion was granted.

The plaintiff urges that Special Term properly granted the motion to strike because the judgment in the Municipal Court bars another test of the question of negligence or fault. Relying upon *McClelland* v. *Climax Hosiery Mills* (252 N. Y. 347, 351), she argues that the allegation of damages in paragraph "Tenth" of the complaint is not a traversible one and therefore no triable issue is raised. While that case is authority for the stated proposition, it must be read in the light of its own facts. In *McClelland,* which was an action for breach of contract, there was a default in answering. Hence, the complaint, including the allegations with respect to damages, stood completely admitted by the failure to deny. Nevertheless, it was held that the defendant on an assessment of damages and in mitigation of the quantum, had the right to offer testimony as well as to cross-examine.

*McClelland* and the cases cited therein involve contracts or intentional torts in which nominal damages may be awarded. (See Restatement, Contracts, § 328, pp. 502, 503.) In cases where a judgment must be entered for the plaintiff and the only problem to be determined is the quantum of damage, an assessment is appropriate. (*McClelland* v. *Climax Hosiery Mills, supra*; *Sutton* v. *Duntley,* 205 App. Div. 660; *Lewis* v. *City Realty Co.,* 158 App. Div. 733; *Loma Corp.* v. *Wing,* 123 Misc. 222.) The situation is quite different in the case at bar. Damages do not stand admitted and, to that extent, at least, an issue is created and a question of fact is presented.

In negligence, no recovery may be had even where there is fault, if no injury follows. Injury or damage to the plaintiff causally related to the accident is an essential element of action-

able negligence (65 C. J. S., Negligence, § 6, pp. 366–367). Although fault may exist, it is only the injury which constitutes the invasion of the personal right protected by law. (*Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287, 300; see, also, Pollock on Torts [15th ed.], p. 139.)

Although a different question was being considered, it may not be amiss in order to place our problem in sharper focus, to use the illustration employed in *Palsgraf* v. *Long Is. R. R. Co.* (248 N. Y. 339, 344, 349) by both Chief Judge CARDOZO for the court and Judge ANDREWS for the dissenters. Chief Judge CARDOZO said (p. 344): "We are told that one who drives at reckless speed through a crowded city street is guilty of a negligent act and, therefore, of a wrongful one irrespective of the consequences. Negligent the act is ". Judge ANDREWS agreed by saying (p. 349): "we are negligent whether we strike an approaching car or miss it by an inch. The act itself is wrongful."

One additional factor must follow the wrongful or negligent act before recovery may be sought by one complaining of that act. There must be compensable injury flowing from the unlawful act. To pose it differently, actionable negligence does not arise unless there is an injury causally related to the unlawful act.

Even if we assume that all of the denials in the answer, save the one referring to paragraph "Tenth " of the complaint, might be stricken by appropriate application, a triable issue would still remain as to whether the plaintiff was injured at all.

As already stated, the motion to strike the answer in this case was made pursuant to rule 104 of the Rules of Civil Practice. Under that provision, the attack is against the entire answer and therein lies the distinction between it and rule 103 which is directed only to those allegations of a pleading as may be sham, frivolous or objectionable for other reasons. While a motion under rule 103 may eliminate portions of the pleading and leave the remainder unaffected, an application to strike the entire answer under rule 104 must be denied, if there remains a single allegation in the pleading which survives the attack upon the whole. (See *Gise* v. *Brooklyn Soc.*, 262 N. Y. 114, 116–119; *Fleischer* v. *Terker*, 259 N. Y. 60; *Green* v. *Green*, 7 Misc. 2d 324; Tripp, Guide to Motion Practice [rev. ed.], § 83, pp. 235–237.) That is precisely the situation here.

Under the circumstances, we do not reach the question as to whether the default judgment rendered in the Municipal Court is *res judicata* insofar as the defendants' negligence and the plaintiff's freedom from contributory negligence are concerned.

The order should be reversed on the law and the motion denied, with costs to the appellants.

BOTEIN, P. J., MCNALLY, STEVENS and BASTOW, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellants, and the motion denied, with $10 costs.