### FOURTH DEPARTMENT, MARCH, 1963

### (March 5, 1963)

■ JOYCE COCHRANE, an Infant, by RALPH COCHRANE, Her Guardian ad Litem, Appellant, v. TOWN OF GATES, Respondent.— Judgment and order of Monroe Special Term unanimously reversed on the law and facts, with costs, motion to vacate the judgment of default denied, and judgment in favor of plaintiff reinstated, with costs. Appeal from order of Livingston Special Term dismissed as academic. Memorandum: We do not agree with Special Term's holding that because plaintiff's complaint failed to allege compliance with section 50-i of the General Municipal Law, the default judgment entered thereon must be vacated. Plaintiff was injured on August 17, 1960, when a truck in which she was riding struck a hole in the pavement. Notice of claim under section 50-e of the General Municipal Law was served on November 15, 1960. The summons and complaint were served 28 days thereafter. The complaint did not contain any allegation that 30 days had elapsed since service of the notice of claim as required by section 50-i of the General Municipal Law. Defendant could have moved to dismiss the complaint on the ground that it failed to state a cause of action. It did not do so, however, nor did it appear in the action by service of notice of appearance or answer. Plaintiff could have corrected the defect in her case at any time within one year and 90 days after the accident by discontinuing the pending action and commencing a new one, which by reason of the lapse of time would have complied with section 50-i (*Mulligan* v. *County of Westchester*, 272 App. Div. 929; Rules Civ. Prac., rule 301, subd. 1, par. [a]). Within that period defendant made default in appearing in the action. At the time of such default it was apparent that plaintiff had a good cause of action although her complaint was defective. By its default defendant conclusively admitted such cause of action. (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 353.) "A default judgment will not be set aside because of defects or insufficiency in the pleadings, especially where the alleged fault is amendable or the facts alleged are sufficient to challenge the attention of the court having jurisdiction of the subject matter and parties." (49 C. J. S., Judgments, § 334, subd. j, p. 622.) It will be noted that the defendant did not move to open the default but moved only to vacate the judgment because of the defect in the complaint. The defect was not a jurisdictional

one, and did not, of itself, authorize the vacating of the judgment. The court had jurisdiction of the parties and of the subject matter of the action. Plaintiff on due notice to defendant applied to the court for judgment by default. The court, after hearing her evidence, rendered judgment in her favor, in the amount of $15,000 and costs. The amount of the judgment is amply supported by the evidence. (Appeal from Judgment of Monroe Special Term vacating a default judgment in favor of plaintiff entered May 15, 1962 and dismissing the complaint; also, appeal from order of Livingston Special Term denying plaintiff's motion to amend the decision as to dismissal of plaintiff's complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.