OPINION OF THE COURT
Wallace R. Cotton, J.
A defendant in a personal injury action who is confronted with a court order directing an inquest against him to assess the plaintiff’s damages, may, upon timely application, conduct a physical examination of the plaintiff, demand medical authorizations and a bill of particulars limited to the issue of damages.
The defendant, duly served by the plaintiffs with a summons and complaint in the instant personal injury action, neglected to interpose a timely answer and, accordingly, the plaintiffs elected to hold him in default. The plaintiffs thereafter moved for an order of inquest and assessment of damages against the defendant. Plaintiffs’ motion was granted. The order directed the plaintiffs to file a note of inquest. A few weeks later, the defendant moved to vacate his default. However, the defendant’s application was denied, and on April 25,1983, the plaintiffs filed their note of issue.
By the instant motion, the defendant moved within the time period prescribed by 22 NYCRR 660.4 (d) (3) to strike the plaintiffs’ note of issue because he did not have the opportunity to conduct a physical examination of the in *431 jured plaintiffs,, demand medical authorizations and a bill of particulars. The plaintiffs resist the defendant’s application upon the sole ground that the action has been'marked for inquest.
The plaintiffs misperceive the legal consequences which flow from the entry of a default judgment against a defendant in relation to the latter’s rights at inquest. In the seminal case of McClelland v Climax Hosiery Mills (252 NY 347, 351) the Court of Appeals held that
“[t]he defendant, by failing to answer, admits all traversable allegations contained in the complaint. (Foster v. Smith, 10 Wend. 377; Paine & Duer Practice, vol. 1, p. 635.) An allegation of damage is not, however, a traversable allegation. (Emery v. Baltz, 94 N. Y. 408, at 412.) It is not admitted by a defendant’s failure to answer. (Hartness v. Boyd, 5 Wend. 563; Howell v. Bennett, 14: Hun, 555, at 558; Thompson v. Halbert, 109 N. Y. 329; Lewis v. City Realty Co., 158 App. Div. 733; Sutton v. Duntley, 205 App. Div. 660.)
“Upon an assessment of damages, a defendant who has served a notice of appearance is entitled to notice of the assessment, to appear and cross-examine the plaintiff’s witnesses, and to offer testimony upon the question of damages, not for the purpose of defeating the plaintiff’s cause of action in toto, because he has admitted the cause of action by failing to answer and plaintiff is entitled, in any event, to nominal damages. The testimony is competent, however, for the purpose of assisting the court in fixing the real damages suffered by the plaintiff. (Kerker & Willets v. Carter, 1 Hill, 101; Hartness v. Boyd, supra; Wandell v. Edwards, 25 Hun, 498; Graham’s Practice, 642.)”
Although the McClelland case (supra) was decided more than 50 years ago, the principle enunciated therein still prevails under our modern rules of civil procedure (see Winson Gems v D. Gumbiner, Inc., 85 AD2d 69; Siegel, NY Prac, § 293, at p 348; Defaulting Defendant’s Rights to Notice and Hearing as to Determination of Amount of Damages, Ann., 15.ALR3d 586, § 5).
Thus, by failing to timely answer, the defendant in the case at bar does not admit the plaintiffs’ legal conclusion as to damages. During the hearing to assess damages, he is *432 not, therefore, foreclosed from offering evidence which focuses upon the extent of the injured plaintiffs’ physical condition (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3215:6, p 866). However, the defendant’s absolute legal right to submit proof in mitigation of the damages allegedly sustained by the plaintiffs would be substantially impaired, if not rendered meaningless, in a personal injury action if the defendant could not designate a physician to examine the plaintiff in order to call upon him to testify at the inquest as to his findings and expert opinion based thereon.
A defendant’s physical examination of the plaintiff is the single most effective method a defendant can employ to contest the alleged severity of a plaintiff’s injuries. The fundamental importance of this examination has been recognized by the Appellate Division in the cases of Carrano v Mistratta (91 AD2d 1056), Roberson v Fordham Rent-A-Car Corp. (38 AD2d 535), and Marotta v Rood (65 AD2d 807) wherein it permitted the defendants to belatedly conduct physical examinations of the plaintiffs notwithstanding the fact that in each case the defendants, without proffering a justifiable excuse, failed to request same within the strict time requirements mandated by court rules.
The defendant in the instant action did not abandon his defense of the plaintiffs’ lawsuit. On the contrary, he vigorously pursued a course, albeit unsuccessfully, to vacate his default in order to litigate the liability aspect of the plaintiffs’ case.
The order of inquest drastically punished the defendant by precluding him from contesting the issue of his liability to the plaintiffs. It conclusively established the liability in favor of the plaintiffs. However, it is unwarranted and unjust to invoke further punitive measures against the defendant upon the assessment of damages phase of the plaintiff’s action.
Accordingly, the defendant’s application for the relief sought, made within the time period set forth in 22 NYCRR 660.4 (d) (3) is granted to the extent of permitting him to designate a physician to examine the injured plaintiffs. To hold otherwise would be an impermissible restric *433 tian of the defendant’s right to introduce evidence during the inquest in an attempt to diminish the plaintiffs’ damages and resulting judgment which will be entered against him after its conclusion.
Moreover, in order for the defendant to intelligently select the proper medical specialist needed to conduct the aforesaid examination, it is necessary for him to have knowledge of the injuries claimed by the plaintiffs. Therefore, the defendant may serve upon the plaintiffs a demand for a bill of particulars limited to the issue of damages. He may also serve a demand requiring the plaintiffs to furnish him with medical authorizations, as well as reports, referable to the treatment they received for the injuries caused by the accident which gave rise to this action.