■ Rudy Markard, Also Known as Rudolf Markard, Appellant, v Lawrence H. Bloom, Respondent. [770 NYS2d 869]—

Order, Supreme Court, New York County (Edward Lehner, J.), entered December 17, 2002, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Notwithstanding the litany of allegations of negligence in this legal malpractice action, plaintiff has produced no evidence of the sine qua non of his fraudulent conveyance case, namely, that his wife purchased the subject property in 1973 with money plaintiff had received only months earlier in settlement of a personal injury action. According to plaintiff, his wife withdrew that money from their joint account and used it to acquire the property from her brother. Sixteen years later, his wife conveyed the property to her brother's wife. Plaintiff claims that defendant negligently failed to expose his former wife's use of marital funds to acquire the property in the first place. But this claim is undermined by plaintiff's own inability, even now, to offer any documentary evidence that she used marital funds to acquire that property in 1973. What we have is mere speculation of a loss resulting from an attorney's alleged omissions, which is insufficient to sustain a claim for legal malpractice (*Luniewski v Zeitlin*, 188 AD2d 642, 643 [1992]).

As to the claim for breach of the retainer agreement, even though plaintiff received only minimal notice of his attorney's application for withdrawal, which followed plaintiff's threat to sue for malpractice, as the court found, plaintiff explicitly consented to the withdrawal. At the time of that acquiescence, plaintiff expressed interest in settling the divorce action, which he did six months later. Thus, even if defendant had breached the retainer agreement, plaintiff has failed to demonstrate that he incurred any damages as a result.

Although the court did not address plaintiff's Judiciary Law § 487 claim for deceit, it is apparent, from a search of the record, that defendant's alleged violation of the statute did not amount to a chronic or extreme pattern of legal delinquency warranting civil relief and the imposition of treble damages (*see Schindler v Issler & Schrage*, 262 AD2d 226, 228 [1999], *lv dismissed* 94 NY2d 791 [1999]). Even if damages were an appropriate recourse for violation of the Code of Professional Responsibility, plaintiff has nonetheless failed to demonstrate that he incurred any damages from his attorney's alleged deceit.

We have considered plaintiff's remaining claims and find them to be without merit. Concur—Mazzarelli, J.P., Saxe, Ellerin and Williams, JJ.