Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 15, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff’s motion for summary judgment dismissing defendant’s counterclaims for fraud and legal malpractice, unanimously affirmed, with costs.
In this action by plaintiff law firm seeking legal fees owed by defendant pursuant to a retainer agreement, plaintiff made a prima facie showing of entitlement to judgment as a matter of law. In opposition, defendant failed to raise triable issues of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). With respect to his counterclaim for legal malpractice, defendant failed to raise a triable issue as to whether plaintiffs alleged negligence proximately caused his damages and whether the claimed damages were actual and ascertainable (see Wo Yee Hing Realty Corp. v Stern, 99 AD3d 58, 62-63 [1st Dept 2012]; see also Reibman v Senie, 302 AD2d 290, 290 [1st Dept 2003]). The record does not support defendant’s contention that he was forced to settle the underlying action because plaintiff was incompetent and unprepared on the eve of trial. Indeed, even if plaintiff was negligent, there is evidence in the record indicating that defendant had other options besides settling the case (see Fusco v Fauci, 299 AD2d 263 [1st Dept 2002]). Further, defendant’s claimed damages could not be construed as actual and ascertainable, given that the bulk of the claimed damages in the underlying action were, at the time of settlement, subject to potential dismissal (see generally Markard v Bloom, 4 AD3d 128, 129 [1st Dept 2004], lv denied 2 NY3d 706 [2004]).
*564 With respect to defendant’s fraud-based counterclaim, defendant failed to offer proof of injury arising from plaintiffs allegedly misleading claims of federal court trial experience (see generally Small v Lorillard Tobacco Co., 94 NY2d 43, 57 [1999]). Concur—Tom, J.P., Saxe, Moskowitz and Abdus-Salaam, JJ. [Prior Case History: 35 Misc 3d 1217(A), 2012 NY Slip Op 50729(11).]