▋ GALLET, DREYER & BERKEY, LLP, Respondent/Third-Party Defendant-Respondent, v FRANK BASILE, Appellant/Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff, et al., Third-Party Defendant. [35 NYS3d 56]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered April 14, 2015, which granted plaintiff's motion for summary judgment dismissing defendant Frank Basile's counterclaim and third-party complaint against it, unanimously affirmed, without costs.

Plaintiff law firm Gallet Dreyer & Berkey represented defendant Basile in connection with the December 21, 2009 settlement of a Surrogate's Court action brought in 2004 by his spouse, Celeste Holm, to revoke an irrevocable trust that she created in 2002. In this action brought by the law firm against Basile to recover outstanding legal fees, Basile has counterclaimed for attorney malpractice, taking the position that due to poor advice, factual omissions, and misinformation, he was persuaded to sign the stipulation in Holm's action to revoke her trust, which stipulation caused him (and Holm)* to forfeit valuable assets and the right to pursue valuable claims without their receiving any corresponding benefit.

To sustain a cause of action alleging legal malpractice, a plaintiff must establish not only that the defendant "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession," but also that "the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49 [2015] [internal quotation marks omitted]). "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff would have succeeded on the merits of the underlying action, or would not have sustained actual and ascertainable damages" (*id.* at 50 [internal quotation marks and citation omitted]). "[M]ere speculation of a loss resulting from an attorney's alleged omissions . . . is insufficient to sustain a claim

---

* Basile has no authority to make a claim regarding injury to Holm; she had her own attorney advising her on the settlement.

for legal malpractice" (*Markard v Bloom*, 4 AD3d 128, 129 [1st Dept 2004], *lv denied* 2 NY3d 706 [2004]).

As a signatory to the settlement, Basile certainly had the right to be fully informed of the facts and provided with appropriate advice by his attorney before agreeing to its terms, and we cannot conclude as a matter of law on this record that the law firm's advice to Basile was complete and free of incorrect information. However, nothing in Basile's submissions shows that but for that claimed negligence, he "would not have sustained actual and ascertainable damages" (*Nomura*, 26 NY3d at 50 [internal quotation marks omitted]).

The irrevocable trust was created and funded with Holm's assets before Basile's marriage to Holm. Basile had no current interest in the trust's assets at the time of the settlement; he had, at best, a potential interest in those assets *if* the trust were to be set aside and the assets became part of Holm's estate, entitling Basile to an elective share. Similarly, the claims addressed in the stipulation regarding other, non-trust assets also concerned property that belonged to Holm alone, and Basile had no present possessory right to them. Notwithstanding Basile's residuary interest in Holm's eventual estate, and the possibility that if Holm reacquired property that was previously transferred she would gift him a present interest, he had no established right to make any disposition of that property, or to claim ownership of any portion of that property, while she was alive. His lack of a present possessory interest in the property at issue severely restricts any rights to claim that the law firm's alleged failures proximately caused him to experience a financial loss in relation to those properties.

More importantly, Basile has not presented an evidentiary showing supporting a claim to "actual and ascertainable damages," as *Nomura* requires (26 NY3d at 50 [internal quotation marks omitted]). In cases presenting a valid claim of legal malpractice, the claimed "actual and ascertainable damages" have been clearly calculable (*see e.g. Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438 [2007]). In contrast, summary judgment dismissing the legal malpractice claim has been granted where the asserted damages are vague, unclear, or speculative (*see Bellinson Law, LLC v Iannucci*, 102 AD3d 563, 563 [1st Dept 2013]). Here, Basile essentially speculates that the information he lacked would have provided him with better leverage in negotiations, but he fails to show exactly how, if counsel had properly informed and advised him, the outcome of the litigation would have been more favorable to him. This is particularly so since the settlement netted him a

distribution in excess of $2,000,000, as compared to the $25,000 he would have received under the trust alone, in the absence of the stipulation. The submissions simply do not justify a conclusion that Basile would have achieved a more favorable result in the absence of counsel's claimed mistakes.

Plaintiff's motion for summary judgment dismissing the counterclaim and third-party complaint brought against it by defendant Frank Basile was therefore properly granted. Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.

