■ THOMAS CASO, Appellant, v MIRANDA SAMBURSKY SLOANE SKLARIN VER VENIOTIS LLP et al., Respondents. [54 NYS3d 386]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 26, 2016, which granted defendants' motion to dismiss solely to the extent of dismissing the complaint for failure to state a cause of action, unanimously reversed, on the law, without costs, and the motion denied in its entirety. Order, same court and Justice, entered on or about October 31, 2016, which granted plaintiff's motion insofar as it sought leave to reargue defendants' motion to dismiss, denied plaintiff's motion insofar as it sought leave to renew and to amend the complaint, and, upon reargument of the motion to dismiss, adhered to the original determination, unanimously reversed, on the law and the facts, without costs, leave to amend the complaint granted, and the appeal therefrom otherwise dismissed as academic.

In this legal malpractice action, plaintiff, the victim of a hit-and-run accident, alleges that defendants, who represented him in the underlying personal injury action, were negligent in failing to prepare and present the testimony of the sole eyewitness; that defendants' negligence caused a verdict against him; and that he sustained actual damages. Specifically, plaintiff alleges that, prior to the eyewitness's deposition testimony two years after the accident, defendants failed to refresh the eyewitness's memory by showing him the police record of a phone call he made shortly after the accident, in which he described the hit-and-run vehicle as a green garbage

truck with a flat front. The eyewitness then testified to the contrary at his deposition, stating that the garbage truck he remembered fleeing the scene had a round front, not a flat front. Plaintiff alleges that but for defendants' negligence in handling the key witness in his case, he would have prevailed, as the driver operated a green garbage truck with a flat front, and the driver had already admitted to a route that would have placed him at the scene on the day and time of the accident. These allegations are sufficient to survive a CPLR 3211 (a) (1) and (7) motion to dismiss, as nothing in the record conclusively establishes a defense as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]) and plaintiff has adequately pleaded a claim for legal malpractice (*see Global Bus. Inst. v Rivkin Radler LLP*, 101 AD3d 651, 651 [1st Dept 2012]; *see also Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]).

Leave to amend is proper, since plaintiff's proposed amendments are not "patently devoid of merit" and will not prejudice or surprise defendants (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]; *see* CPLR 3025 [b]). Concur—Sweeny, J.P., Gische, Kahn and Gesmer, JJ.