Lisi v Lowenstein Sandler LLP (2019 NY Slip Op 01665)





Lisi v Lowenstein Sandler LLP


2019 NY Slip Op 01665


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Kern, Oing, Moulton, JJ.


8645 160298/16

[*1]Steven Lisi, Plaintiff-Appellant,
v
Lowenstein Sandler LLP, et al., Defendants-Respondents.


Newman Stehn LLP, Merrick (Adam T. Newman of counsel), for appellant.
Hinshaw & Culbertson LLP, New York (Philip Touitou of counsel), for respondents.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 28, 2017, dismissing the complaint, unanimously affirmed, without costs.
In this legal malpractice action, plaintiff alleges that defendants were negligent in failing to advise him that the income realized from the exercise of his stock options would be taxed as ordinary income and that, had they so advised him, he would have sold his shares earlier or eliminated any market risk by shorting the shares in full or otherwise taking measures to eliminate risk. However, this theory of proximate cause is belied by the record and relies on gross speculation (see Gallet, Dreyer & Berkey, LLP v Basile, 141 AD3d 405 [1st Dept 2016]; Sherwood Group v Dornbush, Mensch, Mandelstam & Silverman, 191 AD2d 292, 294 [1st Dept 1993]).
The complaint alleges that plaintiff shorted as much stock as possible; thus, he could not have shorted more stock before exercising his options. Moreover, plaintiff's trading decisions demonstrate that he intended to speculate on the stock; after he received his shares from his exercised stock options, plaintiff did not begin immediately to sell them off to achieve a profit, despite the volatility of the stock market and the fact that the stock price at that time greatly exceeded his perceived investment in the stock. Plaintiff therefore assumed the risk that the stock price would plummet without notice (see National Union Fire Ins. Co. of Pittsburgh, Pa. v Christopher Assoc., 257 AD2d 1, 12 [1st Dept 1999]). The allegation that plaintiff would have stopped speculating on the stock at a time when its shares were selling for an amount greater than his actual investment thus depends on "a chain of gross speculations on future events" (Phillips-Smith Speciality Retail Group II v Parker Chapin Flattau & Klimpl, 265 AD2d 208, 210 [1st Dept 1999] [internal quotation marks omitted], lv denied 94 NY2d 759 [2000]). The speculative nature of the allegation is brought into sharper relief by the fact that the last time the stock sold for more than the amount of plaintiff's actual investment was November 11, 2015, less than two months after plaintiff received his shares.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK