Caso v Miranda Sambursky Slone Sklarin Verveniotis LLP (2020 NY Slip Op 01384)





Caso v Miranda Sambursky Slone Sklarin Verveniotis LLP


2020 NY Slip Op 01384


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10920 159192/15

[*1] Thomas Caso, Plaintiff-Respondent,
v
Miranda Sambursky Slone Sklarin Verveniotis LLP, et al., Defendants-Appellants, "John Doe," et al., Defendants.


Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for appellants.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about October 1, 2019, which denied defendants Miranda Sambursky Slone Sklarin Verveniotis LLP, Michael Miranda, Richard Sklarin and Ondine Slone's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this legal malpractice action, plaintiff, defendants' former client, contends that "but for" defendants' negligence he would have obtained a favorable jury verdict in his underlying personal injury action against the owner and driver of a truck (Caso v Santos, et al., index No. 301817/2008 [Supreme Ct., Bx Cty]). Plaintiff was struck by a commercial garbage truck and badly injured. The accident was a hit and run. Plaintiff could not describe the vehicle that struck him, and his case largely relied on the testimony of the sole eyewitness, Ted Arenas. Arenas called 911 when the accident occurred. A New York City police detective spoke to Arenas during the course of his investigation of the accident. Defendants' driver was arrested but the charges were dropped shortly thereafter, and no criminal action was commenced. The detective, however, prepared investigative reports, which include statements that Arenas made to him. One investigative report contains a statement attributed to Arenas that he had "observed a dark green colored garbage truck" and that it was not a dump truck "as he stated in his 911 call." Another statement attributable to Arenas is that the truck had a "flat front." None of these investigative reports were prepared by Arenas or signed by him.
Statements from these investigative reports were read aloud, line by line, to Arenas at his deposition in the personal injury action. Even after hearing the information from the investigative reports, Arenas denied that he recalled describing the truck as having a flat front. Instead, he recalled that the truck had an engine in front. Arenas even made a drawing reflecting a roundish front hood on the truck. Arena did not recall seeing any identifying markings on the truck, or license plate, nor did he see the driver.
Before trial, Arenas met with counsel for both plaintiff and defendants. During that meeting, Arenas stated that he recalled the front of the truck as being bullnosed. While he was not 100% sure, even after one of the investigative reports was read to him where he described the front of the truck as flat, he drew a picture of the truck with a bullnose.
At trial, Arenas provided conflicting and inconsistent testimony about the truck, alternatively describing it as a dump truck and also a garbage truck, but once again he testified that the truck had a rounded "bullnose," with the engine up front. Such testimony did not match the description of the truck owned by the defendants and allegedly involved in the underlying accident, which had a flat front. Santos, defendants' driver testified that he had not been [*2]involved in any accident and had not hit anybody with his truck. The jury returned a verdict for the defendants in the underlying personal injury action.
Plaintiff's contention in this legal malpractice action is that Arenas should have been better "prepared" for his deposition in the underlying personal injury action, so he could "remember" the statements he made to the detective. Plaintiff claims that, had defendants not been negligent, there would have been a plaintiff's verdict. He claims that Arenas's testimony damaged his case and prevented him from prevailing.
"[M]ere speculation of a loss resulting from an attorney's alleged omissions . . . is insufficient to sustain a claim" for legal malpractice" (Gallet, Dreyer & Berkey, LLP v Basile, 141 AD3d 405, 405-406 [1st Dept 2016] [internal quotation marks omitted]; Geller v Harris, 258 AD2d 421 [1st Dept 1999]). Plaintiff's assertion that, had Arenas been better prepared, the jury would have returned a favorable verdict is pure speculation (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [2007]; Bookwood v Alston & Bird, LLC, 146 AD3d 662 [1st Dept 2017]. Defendants met their burden of showing that plaintiff cannot establish causation, in that plaintiff cannot prove that it would have prevailed in the underlying action "but for" defendant's alleged negligence in preparing Arenas for his deposition (see Rudolf v Shayne, 8 NY3d 438 at 442).
Although there are issues of fact regarding whether defendants may have departed from the applicable standard of care, any claim that the jury would have reached a different result in the personal injury action is wholly speculative. First, it is wholly speculative that Arenas would have testified to a different description of the truck either at his deposition or at trial had he been shown the investigative reports. Although the investigative reports were read to him line by line at his deposition, his description of the truck did not change and he adhered to his belief, that the front of the truck he saw strike and run over plaintiff was bullnosed. Even if Arenas's statement in support of plaintiff's motion in this case is accurate, that he would have testified differently had he been differently prepared, this, at best, creates an issue of fact about what he would have said at trial. It does not eliminate speculation about what the jury's verdict would have been, given that Arenas's description of the truck otherwise lacked detail, and the absence of any additional proof identifying defendants' truck and driver as being involved in underlying accident.
Contrary to plaintiff's argument, our prior decision in this case decided under the more liberal standards applicable to motions to dismiss (150 AD3d 422 [1st Dept 2017]) is not inconsistent with this summary judgment adjudication (see Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467 [1st
Dept 1987]). Consequently, defendants' motion for summary judgment should have been granted and the case dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK