Mah v 40-44 W. 120th St. Assoc., LLC (2021 NY Slip Op 02365)





Mah v 40-44 W. 120th St. Assoc., LLC


2021 NY Slip Op 02365


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Index No. 650927/16 Appeal No. 13611 Case No. 2020-02744 

[*1]Timothy Lloyd Mah et al., Plaintiffs-Respondents,
v
40-44 West 120th Street Associates, LLC, et al., Defendants, Sheryl D. Jassen, Defendant-Appellant.


Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for appellant.
Resko Law Office, P.C., Mount Kisco (Michael Resko of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered October 15, 2019, which to the extent appealed from, denied defendant Sheryl D. Jassen's motion for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this breach of contract and legal malpractice action, defendant attorney Sheryl D. Jassen represented plaintiffs Timothy Lloyd Mah and James M. Carter III in connection with their purchase of a penthouse residential condominium unit. The condo unit was sold by defendant 40-44 West 120th Street Associates LLC (the sponsor), which agreed to construct a private roof deck in compliance with all appropriate laws and regulations of governmental agencies. The roof deck was included in the square footage assigned to the unit for purposes of dividing common charges. At the time of closing, construction on the roof deck was not complete and the certificate of occupancy did not address the roof.
Plaintiffs allege that the deck delivered by the sponsor after closing was not legal because it did not have a corresponding amended certificate of occupancy, and the sponsor could not have obtained an amended certificate because the building's floor area already exceeded what was permitted under applicable zoning regulations. Plaintiffs allege that prior to closing, defendant Jassen failed to inform them that the certificate of occupancy had not yet been amended to allow for or permit the deck. They claim that but for defendant Jassen's malpractice they would not have purchased the unit, they would not have been assigned increased common charges based on the deck's square footage, and they would not have renovated the roof deck, attempted to "legalize" it, or removed it.
Plaintiffs' theories of proximate cause are interrupted by an intervening act and are impermissibly speculative (see Lisi v Lowenstein Sandler LLP, 170 AD3d 461, 462 [1st Dept 2019]; Excelsior Capitol LLC v K&L Gates LLP, 138 AD3d 492 [1st Dept 2016], lv denied 28 NY3d 906 [2016]). The sponsor's failure to deliver a legal deck is at the core of plainitiffs' alleged damages. The sponsor's alleged breach of contract was "independent of or far removed from [defendant Jassen's] conduct," and thus, severed any proximate cause flowing from her representation (Kriz v Schum, 75 NY2d 25, 36 [1989] [internal quotation marks omitted]). Plaintiffs' assertion that but for defendant
Jassen's negligence they would not have purchased the condo unit relies on gross speculation of future events.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021