Sebastiano v Bamundo, Zwal & Schermerhorn LLP (2026 NY Slip Op 01145)

Sebastiano v Bamundo, Zwal & Schermerhorn LLP

2026 NY Slip Op 01145

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 21365/14|Appeal No. 5957|Case No. 2025-00875|

[*1]Alessandro Sebastiano etc., Plaintiff-Respondent,
vBamundo, Zwal & Schermerhorn LLP, Defendant-Appellant. Michael C. Zwal, Defendant.

Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for appellant.
David Horowitz, P.C., New York (David Fischman of counsel), for respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about January 23, 2025, which, to the extent appealed from, denied defendant law firm's motion for summary judgment dismissing the legal malpractice action as against it, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
The law firm established its prima facie entitlement to summary judgment because its expert opined that the 1914 Building Code applied, since the plans for the construction of the staircase were approved in 1915, and the approval date was the operative date for the purposes of applying a code provision to any portion of a structure. The 1914 Code, as opposed to the 1916 Code, did not require that interior stairs have non-slip treads.
Plaintiff failed to raise a triable issue of fact as to which code applied, and so we are able to decide as a matter of law that the 1914 code applied (see DeRosa v City of New York, 30 AD3d 323, 326 [1st Dept 2006]). Accordingly, since plaintiff, as required by General Municipal Law § 205-e, is unable to cite to a predicate code and/or ordinance, which did require that the stairs that plaintiff's decedent fell on have a non-slip tread, he cannot establish any causal connection between the law firm's failure to determine the station's "built" date and applicable building code, and the dismissal of the complaint in the underlying action (see Gallet, Dreyer & Berkey, LLP v Basile, 141 AD3d 405, 405 [1st Dept 2016]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026