Halperin v Van Dam

2026 NY Slip Op 02333

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Steven R. Halperin et al., Plaintiffs-Appellants,

v

Stephan Van Dam et al., Defendants, John-Luc Briguet R.A. et al., Defendants-Respondents.

Decided and Entered: April 16, 2026

Index No. 652124/19|Appeal No. 6391|Case No. 2024-03179|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Rosenberg Calica Birney, Lieberman & Ross LLP, Garden City (Edward M. Ross of counsel), for appellants.

Byrne & O'Neill, LLP, New York (Donald A. Pitofsky of counsel), for Jean-Luc Briquet, R.A. respondent.

Morrison Mahoney LLP, New York (Dominich Pintavalle of counsel), for Held & Hines, LLP and Mark J. Held, respondents.

Solbakken Angelillo LLP, New York (Robert C. Angelillo of counsel), for Douglas Elliman Realty, LLC and Maggie Leigh Marshall, respondents.

[*1]

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 15, 2024, which granted the summary judgment motion of defendants Held & Hines, LLP and Marc J. Held, Esq. (the HH defendants), the summary judgment motion of Douglas Elliman Realty, LLC and Maggie Leigh Marshall (the broker defendants), and the summary judgment motion of Jean-Luc Briguet, R.A., all to dismiss the claims and cross-claims against them, unanimously affirmed, without costs.

This case arises from plaintiffs' purchase of an apartment located on the eighth floor of 32 West 20th Street, New York, New York (the Building). The HH defendants represented plaintiffs in connection with the transaction, and the broker defendants were plaintiffs' broker.

After plaintiffs' purchase, they retained Briguet to design a gut renovation of the apartment. The renovation included, among other things, creating a bedroom which utilized one of the apartment's easterly lot-line windows and moving the kitchen to utilize two of the easterly lot-line windows. The renovation was completed by February 2018.

The premises adjacent to the Building are owned by Panasia Estate Inc. (Panasia). On March 11, 2019, plaintiffs were notified that Panasia intended to construct a two-story addition that would necessitate the elimination of the lot-line windows on the east side of the 7th and 8th floors of the Building. Thus, plaintiffs' apartment may be affected by Panasia's construction.

The HH defendants made a prima facie showing of their entitlement to summary judgment by submitting proof that plaintiffs have sustained no actual damages (see IGEN, Inc. v White, 250 AD2d 463, 465 [1st Dept 1998], lv denied 92 NY2d 818 [1998]). The HH defendants submitted evidence that plaintiffs' lot-line windows remain unobstructed, and plaintiffs failed to raise an issue of fact in opposition. Plaintiffs conceded that they have not lost the lot-line windows. Possible future damages plaintiffs may sustain, if the lot-line windows are lost, are speculative and thus, cannot support a legal malpractice claim as a matter of law (Pellegrino v File, 291 AD2d 60, 63 [1st Dept 2002], lv denied 98 NY2d 606 [2002]; see Gallet, Dreyer & Berkey, LLP v Basile, 141 AD3d 405, 405-406 [1st Dept 2016]).

[*2]

Plaintiffs contend that, had they known the apartment they purchased might lose its lot-line windows because of the approved plan by Panasia for a future vertical expansion, they would have neither bought nor renovated it. However, plaintiffs' speculation failed to raise a triable issue of fact as to whether they overpaid for the apartment considering the possibility of the expansion of the neighboring building (see Mah v 40-44 W. 120th St. Assoc., LLC, 193 AD3d 549, 550 [1st Dept 2021]). Plaintiffs paid $2,530,000 for the apartment in the spring of 2017, and their bank's appraiser — a nonparty who has no stake in this case — appraised it at the time for $2,530,000, as if it had no eastern windows. In opposition, plaintiffs' expert appraiser opined that losing the lot-line windows would decrease the value of the apartment by 25% as of the original closing date, May 24, 2017. However, plaintiff's appraiser valued the apartment as of June 1, 2021, so it is unclear to what amount the 25% diminution would apply. Indeed, at his deposition, plaintiff's expert appraiser admitted that 2017 and 2021 are "vastly different dates" for appraisal purposes. Additionally, plaintiffs admitted that they could not have expected their apartment to increase in value dollar-for-dollar by the amount of the renovation.

For the same reasons, Supreme Court properly granted Briguet and the broker defendants summary judgment on the basis that plaintiffs suffered no non-speculative damages (Besen v Farhadian, 195 AD3d 548, 549-550 [1st Dept 2021] [breach of fiduciary duty claim]; Gomez-Jimenez v New York Law Sch., 103 AD3d 13, 17-18 [1st Dept 2012] [fraudulent misrepresentation and fraudulent concealment claims], lv denied 20 NY3d 1093 [2013]; Brazos v Brumidge, 6 AD2d 494, 496-497 [1st Dept 1958] [negligence-based claims]).

We have considered plaintiffs' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026